## J. VINCENT v. R. W. SHARP.

A personal action for damages for a tort, does not expire with the person who instituted the action.
C. P. 1, 21, 22, 113, 120, 907.   C. C. 867, 1994, 2271, 2294.

|  9 | 463 |
| 50 | 63 |
|  9 | 463 |
| 117 | 985 |

APPEAL from the District Court of the Parish of Jefferson, *Clarke*, J.

*Purvis & Dugué*, for plaintiff.   *J. J. Michel*, for defendant and appellant.

BUCHANAN, J. The verdict of the jury in this case, condemned the defendant to pay one hundred dollars damages for an assault and battery upon the plaintiff. The defendant has appealed, and the plaintiff's counsel prays that the damages be increased. Two witnesses prove the assault and battery, and their evidence is entirely uncontradicted. The defendant was a young and vigorous man; the plaintiff old and feeble.

Since the appeal, the plaintiff has died; and the curator of his estate has been made party.

It is insisted, by the counsel of appellant, that a personal action for damages for a tort, expires with the person who instituted it. We are not aware of any such rule in our jurisprudence. See Code of Practice, Articles 1, 21, 22, 113, 120. Also Civil Code, Articles 867, 1994, 2271, 2294.

We think this a proper case for the application of Article 907 of the Code of Practice, under the prayer of appellee, for an increase of damages.

It is therefore decreed, that the judgment be affirmed, with ten dollars damages, as for a frivolous appeal, and costs in both courts.