LAND, J.
 

 In January, 1924, Lucy Fratello, the wife of Salvador Castelluecio, and the mother of Lucia Castelluecio, a minor, was killed in the city of New Orleans by being struck by an iron post, which fell across a sidewalk. This post supported a gallery, and ■was knocked down by a truck pf defendant company while driven by one of its employees.
 

 Salvador Castelluecio, the surviving husband, instituted suit against defendant company for himself and his minor daughter in the civil district court for the parish of Orleans, and obtained judgment in the sum of $5,000, or $2,500 each, as damages for injuries resulting in the death of Lucy Fratello.
 

 After motion for new trial was refused in the lower court, and judgment signed, defendant company prosecuted a suspensive appeal to the Court of Appeal for the parish of Orleans. During the pendency of the appeal, Salvador Castelluecio died, and his sole heirs, the applicants for the writ in this case, were sent into possession of his estate, and were made parties plaintiff and appellee, and filed an answer in the Court of Appeal 'praying for an increase of the judgment of the lower court.
 

 On the day the case was argued in the Court of Appeal, counsel for defendant company filed a plea that the judgment in favor of Salvador Castelluecio for $2,500, which had been awarded him personally, had abated by his death, and that the right of Lucia Castelluecio, the minor, to her claim for damages, was the sole right that remained in the case.
 

 The Court of Appeal affirmed the judgment of the lower court in favor of the minor for $2,500, but held that, by the death of Castelluccio during the pendency of the suspensive appeal from the judgment in his favor, his right perished, and - that his major heirs could not be made plaintiffs in the cause, citing article 2315 of the Civil Code, as amended by Act 159 of 1918.
 

 The question of law presented for review in this case is whether, upon the death of a beneficiary, under article 2315 of the Civil Code, during the pendency of an appeal, his heirs inherit the judgment rendered and signed in favor of the beneficiary in the lower court, or whether such judgment is abated by his death.
 

 Under the well-settled jurisprudence of this
 
 *609
 
 court,
 
 an action
 
 for the recovery of damages for personal injuries sustained is a purely personal one, and does not survive the death of the beneficiary, notwithstanding the Code of Practice states the general rule to be that:
 
 “Actions
 
 do not abate by the death of one of the parties, after answer filed.” C. P. art. 21; Chivers v. Roger, 50 La. Ann. 62, 63, 23 So. 100.
 

 • In the,Chivers Case, plaintiff sued to recover damages for the death of his son. The case was tried and submitted, with the understanding that the decision might be rendered at the next term of court. The plaintiff died before judgment was rendered on the merits, and his heirs were duly cited and made parties plaintiff to the suit. In this attitude of the case, the trial judge refused to pass upon the merits, but dismissed the suit on the ground that, plaintiff having died, his right ■ of action for the damages claimed did not survive him and continue in his heirs.
 

 » The judgment of the lower court was affirmed on appeal. In the course of the opinion, it became necessary to differentiate or overrule the case of Vincent v. Sharp, 9 La. Ann. 463, which was cited by plaintiffs as authority supporting their right of action as heirs of the beneficiary.
 

 In reviewing the Vincent Case, the court said:
 

 “It is true that our predecessors held in Vincent v. Sharp, 9 La. Ann. 463, that a personal action for damages resulting from an assault and battery does not expire with the person who instituted it.
 
 But that case was tried and decided in the district court and a verdict of the jury rendered in favor of the plaintiffs, and from that judgment an appeal has been prosecuted. The plaintiff and appellee having died during the pendency of the appeal,
 
 counsel for the defendant and appellant insisted that the heirs of the deceased had no standing in court to prosecute the appeal,
 
 because the right of action lapsed at the death of the plaintiff and appellee.
 
 [Italics ours.]
 

 “On casual inspection that decision would seem to favor the plaintiff’s theory, but bn reflection it does not.
 

 “That case was circumstanced differently from the instant one,
 
 in that it had ceased to be an action and had become merged into a judgment,
 
 and this court has decided
 
 that an appeal was not an action.
 
 [Italics ours.]
 

 “In Beard v. Russ [34 La. Ann. 315] supra, our predecessors said that: ‘It is clear that
 
 an appeal
 
 is a mere incident to an
 
 action,
 
 and not at all the same thing. The judgment is the result or the consequence of the
 
 action,
 
 and the appeal is the mode of seeking to have the judgment of the inferior court corrected by the appellate tribunal.’
 

 “A judgment is the property of him in whose favor it is rendered, therefore it may well be that a judgment would pass, at the death of one in whose favor it is rendered, to his heirs when an
 
 action pending
 
 would not, because the right of action had lapsed on account of his demise.” 50 La. Ann. 63 (23 So. 103).
 

 We know of no law of- this state that provides for the caducity of judgments, when once rendered and signed in an inferior court. On the contrary, it is expressly provided in article 548 of the Code of Practice that:
 

 “A judgment, when once rendered, becomes
 
 the property
 
 of him in whose favor it has been given; and the judge cannot
 
 alter
 
 the same, except in the mode provided by law.” (Italics ours.)
 

 The present applicants for the writ of review are the children and forced heirs of Salvador Castelluccio, deceased, in whose favor the judgment of the lower court was rendered.
 

 This judgment, being property, necessarily formed a part of the estate transmitted by the deceased to his heirs, and was acquired by them immediately after his death. R. C. C. art. 940. "And decedent’s heirs also succeeded necessarily to all of his rights as to proceedings necessary to protect their right of property in said judgment. As forced heirs, they represent the deceased in everything, and are “of full right in his place as well for his rights as his obligations.” R. C. C. art. 945.
 

 The suspensive appeal was not a continua-
 
 *611
 
 ■ tion of the original action instituted by Salvador Gastelluccio in his own behalf against 'defendant company. It was not an action at all, but, as defined by the Code of Practice:
 

 “An appeal is
 
 the act
 
 by which one of the parties to a suit has recourse to a superior tribunal, in order to have
 
 the judgment
 
 of an inferior court
 
 corrected.”
 
 C. P. 564. (Italics ours.)
 

 Appeals are not granted from actions, but from final judgments into which the action has been merged. It is clear, therefore, that no action remained to lapse on appeal, ■after final judgment had been rendered in the lower court in favor of decedent. Under our law, judgments do not fall by the death of those in whose favor they have been rendered.
 

 It must be considered that there are final judgments of inferior courts, as well as final judgments of appellate courts. “Definitive or final judgments are such as decide all the points in controversy between the parties”’ C. P. art. 539.
 

 The judgment rendered in the lower court in favor of Salvador Castelluceio was a definitive or final judgment, not in the sense, it is true, that it was indefeasible as against the right of appeal, .but it was such a judgment as could have been executed if a devolutive appeal only had been taken. It was such a judgment as could not be set aside by even a suspensive appeal, the only effect of which, in the present case, was to stay execution of the judgment. O. P. arts. 575 and 578.
 

 It was such a judgment as could have been seized, sold, or inherited, subject to the right of correction, if erroneous, on appeal. It was not a mere action in posse, or a demand unliquidated and undetermined. The claim of decedent had received the stamp of judicial sanction; it had become crystallized into an enforceable legal right, and had passed beyond the stage of a mere untried right of aetion into the status of a property right duly adjudicated.
 

 The Code of Practice has clearly distinguished the adjudged rights of a litigant from a mere pending action.
 

 The trial judge was powerless to alter this judgment, after it was signed, except through an action of nullity. C. P. arts. 548, 604.
 

 When jurisdiction became vested in the Court of Appeal for the parish of Orleans, that court was competent to have amended or reversed the judgment, or it might have set it aside and remanded the case for a trial de novo, if the interests of justice required it. But we know of no other method, under the law of this state, by which decedent, or his lawful heirs, could have been deprived of the judgment rendered in his favor in the court below, unless it be by allowing it to become prescribed. Such are the property rights of decedent and his heirs in the judgment in question in this case.
 

 Neither Vincent v. Sharp nor Chivers v. Roger has been overruled. We have been furnished with no decision of this court which holds that, after the action of the beneficiary for damages under article 2315 of the Oivil Code has been merged into a judgment, such judgment lapses by the death of the beneficiary during the pendency of a suspensive appeal. The decision in the Chivers Case is sound and logical in our opinion. It is based upon judicial precedent, and upon the textual provisions of our Code of Practice. It is therefore approved as correctly stating the law applicable to the case at bar.
 

 Article 548 of the Code of Practice, declaring “that a judgment, when once rendered, becomes
 
 the property
 
 of him in whose favor it has been given,” cannot be read out of the Code nor made nugatory by an attempt to reduce a judgment, or the thing adjudged to the level of a mere undetermined right of action for damages for personal injuries, which
 
 *613
 
 may well lapse, under article 2315 of the Civil Code, at the demise of the beneficiary in whose favor it exists.
 

 It is therefore ordered that the judgment of the Court of Appeal for the parish of Orleans rendered in this case be set aside and reversed, in so far as it holds that the judgment of the civil district court for the parish of Orleans in favor of Salvador Castelluccio abated by his death during the pendency of the suspensive appeal, and in so far as it denies the right of the heirs of decedent to' be made parties plaintiff and appellee to the proceedings in that court.
 

 It is now ordered that the judgment of the Court of Appeal for the parish of Orleans be affirmed in so far as it maintains that part of the judgment of the civil district court in favor of the minor, Lucia Castelluccio.
 

 It is further ordered that this case be remanded to the Court of Appeal for the parish of Orleans for the purpose of making the heirs of Salvador Castelluccio parties plaintiff and appellee to the proceedings in that court, and that, after making said heirs parties, the case as to the judgment in favor of Salvador Castelluccio be proceeded with and be decided in due course.
 

 It is further ordered that the costs of this application for writ of review be paid by defendant company, Cloverland Dairy Products Company, Inc.