[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 365 
The Standard Oil Company of Louisiana has appealed from a judgment, which was granted to the plaintiff, Robert R. Irion, on the face of the pleadings, condemning it to pay to Irion the proceeds of certain royalty oil produced from lands belonging to the latter situated within the area of the Eola Oil Field in Avoyelles Parish.
The facts of the case, which are stated in the pleadings, are not in dispute and we find them to be as follows:
The plaintiff, Irion, being the owner of two tracts of land in the Parish of Avoyelles, leased certain parts of the land to different oil concerns who brought in three producing oil wells thereon. In these oil leases, he retained to himself a fixed royalty interest, part of which was later transferred by him to other persons and, at the present time, his royalty interest in one of these tracts amounts to .019531 and in the other to .031250.
The defendant, Standard Oil Company, purchased the oil produced by the operators *Page 367 
of the wells. It, however, refused to pay Irion for his remaining royalty interest in the oil for the reason that, between the time when Irion leased his land for mineral development and the beginning of production, Acadian Production Company and others had filed certain instruments in the real estate records of Avoyelles Parish which cast a cloud upon Irion's royalty interest, and Standard Oil Company insisted that, unless this cloud on his title was removed from the records, payment of the royalty interest could not safely be made to him.
In view of these objections made by Standard Oil Company, Irion and some of the other owners of the oil lands brought a jactitation, or slander of title, suit in the District Court of Avoyelles Parish against Acadian Production Company and the other persons who had filed instruments in the real estate records which operated as a cloud upon their titles. After issue was duly joined in that suit, which is entitled "Robert R. Irion, Sr., et al., v. Acadian Production Company", No. 10,770 of the docket of the Twelfth Judicial District Court for the Parish of Avoyelles, a judgment was rendered and signed on January 24, 1941, quieting Irion and the other plaintiffs in their possession of the tracts of land belonging to them and "cancelling and erasing from the records of the Parish of Avoyelles" all of the instruments which were complained of by Standard Oil Company as casting a cloud upon Irion's title to the royalty oil purchased by it. Subsequent to the time when the delays had expired for the defendants to take *Page 368 
a suspensive appeal from that judgment, Irion and the other plaintiffs had it executed by causing the Clerk of Court and Ex Officio Recorder of Avoyelles Parish to cancel and erase from the records of the Parish all of the objectionable instruments recorded by the defendants in that suit which Standard Oil Company contended cast a cloud upon the royalty interest of Irion.
After the Clerk and Ex Officio Recorder of the Parish of Avoyelles had issued his certificate showing the cancellation and erasure from his records of the instruments complained of, Irion delivered to Standard Oil Company a certified copy of the judgment rendered in the suit in Avoyelles Parish, together with a certified copy of the Clerk's certificate of cancellation, and made written demand upon it for payment of the royalty money due him. Whereupon, Standard Oil Company refused to make the payment contending that the judgment rendered by the District Court in Avoyelles Parish had not become final since the time allowed by law to the defendants for taking a devolutive appeal from that judgment had not expired. This suit followed.
The sole contention of Standard Oil Company is that it is in the position of a mere stakeholder in the possession of money which belongs either to Irion or to the defendants in the suit in Avoyelles Parish and that it should not be forced to pay Irion for his royalty interest in the oil until such time as the judgment in Avoyelles Parish has become final either by the expiration of the time within which *Page 369 
a devolutive appeal can be taken or by the affirmance by this Court of the judgment in the event of such an appeal.
We find no substance whatever in this defense. It is admitted by Standard Oil Company that the records of the Parish of Avoyelles, where the oil lands are situated, disclose that Irion has a clear and unencumbered title to the royalty interest and that the previous objections which had been made by it had been removed by judgment of a Court of competent jurisdiction. No suspensive appeal was taken by the defendants from that judgment and it has been fully executed by the erasure from the records of Avoyelles Parish of the instruments which Standard Oil Company claimed operated as a cloud upon Irion's title. Under such circumstances, Standard Oil Company is without right to resist Irion's demand on the ground that the time for taking a devolutive appeal from the judgment has not yet expired and that it is possible that, if such an appeal was taken to this Court, the judgment might be reversed.
A debtor cannot legally resist payment of the debt to his creditor merely because a third person might ultimately be recognized as having an interest in the money due. In the instant case, Standard Oil Company does not even contend that the parties who filed instruments of record in Avoyelles Parish casting a cloud upon Irion's title have asserted any claim whatever against it. It merely says that, since these instruments were filed, it should not be forced to pay until every legal remedy afforded to the defendants in the Avoyelles Parish litigation has been exhausted notwithstanding *Page 370 
that there has been a final judgment against them in the District Court from which no suspensive appeal was taken and notwithstanding that that judgment has been executed by the removal from the parish records of the encumbrances of which it complained.
To permit Standard Oil Company to successfully resist the claim of Irion on this ground would be to allow it to champion the rights of the defendants in the Avoyelles Parish litigation and thus produce the effect of suspending the execution of the judgment of the Twelfth Judicial District Court for one year. This we will not do.
If it be conceded, for purposes of discussion, that Standard Oil Company is a mere "stakeholder" of the royalty interest money, it had an adequate and complete remedy in the instant case by depositing the payments due by it in the Registry of the Court and citing all parties in interest to assert their claims in accordance with the provisions of Act 123 of 1922. That statute was designed for the specific purpose of permitting a debtor who has money in his possession which is claimed by two or more persons to deposit the money in the Registry of the Court and thereby relieve himself of further liability without litigating contradictorily the claim of each creditor.
Counsel for Standard, however, proclaim that, while it could have taken advantage of the remedy provided for by Act 123 of 1922, it was not mandatory upon it to do so and that, since the suit in Avoyelles Parish is not res adjudicata as between the parties thereto, it can successfully resist the demand made by Irion in this case. *Page 371 
This argument is not impressive. In the first place, the judgment of the District Court of Avoyelles Parish is a final one and is res adjudicata between the parties thereto insofar as the District Court is concerned. See Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796, and Lassus v. Clarke,134 La. 865, 64 So. 801. In the first cited case, in speaking of the finality of a judgment of a district court when rendered on the merits of a controversy, we said [165 La. 606, 115 So. 798]:
"It was such a judgment as could have been seized, sold, or inherited, subject to the right of correction, if erroneous, on appeal. It was not a mere action in posse, or a demand unliquidated and undetermined. * * * it had become crystallized into an enforceable legal right, and had passed beyond the stage of a mere untried right of action into the status of a property right duly adjudicated."
Moreover, Standard Oil Company admits that the real estate records of Avoyelles Parish now disclose that Irion has a perfect title to the royalty interest. The fact that someone else might have an inchoate interest in the royalties as against Irion or that the judgment rendered by the District Court of Avoyelles Parish may be subsequently reversed or modified is something which Standard Oil Company cannot depend upon in order to avoid or defeat Irion's right to the money due by it. If Standard actually feared that the payment to Irion might be hazardous, it should have invoked the remedy afforded by Act 123 of 1922 for its own protection.
The judgment appealed from is affirmed. *Page 372 
O'NIELL, C.J., concurs but does not approve the ruling in Castelluccio v. Cloverland Dairy Prod. Co., 165 La. 606,115 So. 796.