Mrs. John G. Schloegel purchased a secondhand washing machine from Mrs. J.B. Yesso for $100. The ceiling price of the washing machine as established by the Maximum Price Regulation No. 372 (8th Fed.Reg. page 5533) was $27.50. Mr. Schloegel brought this suit against Mr. and Mrs. Yesso for $217.50 representing treble damages as allowed by Section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e), plus $75 attorney's fees.
The defendants filed exceptions of misjoinder of parties and of no cause or right of action, and they asked that the sale be rescinded upon the return of the $100 and the washing machine be restored to them. Other defenses were offered such as the averment that the transaction was the result of a plot to entrap the defendants, but in this court the only defense insisted upon is one of law to the effect that the Maximum Price Regulation No. 372 is void because there is no such grant of authority to the price administrator in the Emergency Price Control Act of 1942 and, in the alternative, and in the event that such authority is held to be conferred upon the Administrator, the regulation and the Emergency Price Control Act are denounced as unconstitutional because constituting "a delegation of legislative authority to the said price administrator not permitted by the Constitution of the United States of America and depriving defendants of their constitutional rights guaranteed defendant by the said constitution."
The argument on the first point to the effect that the regulations adopted by the Price Administrator exceeds the authority conferred upon him by the Emergency Price Control Act is to the effect that the Act of Congress properly construed does not apply to individuals not engaged in trade or business. The language of the. Act of Congress is as follows: "It shall be unlawful * * * for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity * * * (in violation of any regulation, order, or price schedule)."
[1] Learned and industrious counsel for defendant contends that under this statute there is no authority to bring within the scope of the price control legislation transactions not in the course of trade or business. An elaborate argument is made to the effect that the omission of the phrase "in the course of trade or business" in reference to a seller is due "to what is known in syntax as an 'ellipsis' "; and that a' proper reading of the text considering the elliptical form of the statute would be "it shall be unlawful in the course of trade or business, for any person to sell or deliver any commodity, or in the course of trade or business to buy *Page 394 
or receive any commodity". The argument is ingenious, but we are not privileged to consider the validity of the regulation or the constitutionality of the Act of Congress, for it is expressly provided in Section 204(d) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(d) (now known as the Stabilization Act) that the Emergency Court of Appeals has exclusive jurisdiction to determine these questions. That Section reads as follows: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision".
See Whatley v. Love, La. App., 13 So.2d 719. Incidently the act has been held constitutional by the United States Supreme Court in Yakus v. United States, 320 U.S. 730, 64 S.Ct. 190, 88 L.Ed. 653.
We conclude that the plaintiff is entitled to recover.
The Stabilization Extension Act of 1944 (United States Code Congressional Service, Volume 5, page 625, 50 U.S.C.A. Appendix, § 925(e) amended the Emergency Price Control Act, so as to change the provision which required the courts to give the complaining purchaser three times the amount of the overcharge plus attorney's fees and costs. The pertinent part of the amendment reads as follows: "In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."
The amendment is made "applicable with respect to proceedings pending on the date of enactment of this Act * * * and with respect to proceedings instituted thereafter."
The argument is made that the present suit is now pending in this court and that, since the good faith of the vendors is not questioned, the defendants should be entitled to the benefit of this amendment. The plaintiff, in answer to this proposition, calls our attention to the fact that the amendment was adopted practically one month after the judgment of the lower court was signed, and that, therefore, the case is no longer pending, citing Code of Practice Article 548 and Castelluccio v. Cloverland Dairy Products Company, 165 La. 606, 115 So. 796, 798.
Article 548 reads as follows: "A judgment, when once rendered, becomes the property of him in whose favor it has been given; and the judge cannot alter the same, except in the mode provided by law."
The Castelluccio case is in line with the article of the Code of Practice, holding that a judgment of the trial court is a final judgment subject only to reversal on appeal. We read the following from that case:
"It must be considered that there are final judgments of inferior courts, as well as final judgments of appellate courts. 'Definitive or final judgments are such as decide all the points in controversy between the parties.' C.P. art. 539.
"The judgment rendered in the lower court in favor of Salvador Castelluccio was a definitive or final judgment, not in the sense, it is true, that it was indefeasible as against the right of appeal, but it was such a judgment as could have been executed if a devolutive appeal only had been taken. It was such a judgment as could not be set aside by even a suspensive appeal, the only effect of which, in the present case, was to stay execution of the judgment. C.P. arts. 575 and 578."
Whatever was decided in the Castelluccio case, in our opinion the present appeal pending in this court was a "proceeding(s) *Page 395 
pending on the date of the enactment of this act".
In Mackenzie v. A. Engelhard Sons Company, 266 U.S. 131, 45 S.Ct. 68, 69, 69 L.Ed. 205, 36 A.L.R. 416, the United States Supreme Court, through Mr. Justice Holmes, said: "An appeal is a proceeding in the original cause and the suit is pending until the appeal is disposed of."
In Gulf Refining Company of Louisiana et al. v. United States, 269 U.S. 125, 46 S.Ct. 52, 54, 70 L.Ed. 195, a case which originated in Louisiana, we read: "An appeal is not a new suit in the appellate court, but a continuation of the suit in the court below, or, as this court has recently said, 'a proceeding in the original cause, and the suit is pending until the appeal is disposed of.' Mackenzie v. [A] Engelhard Company,266 U.S. 131, 142, 143, 45 S.Ct. 68, 69 L.Ed. 205, 36 A.L.R. 416. It is but a step toward the final adjudication of the original cause, which the law allows quite as much as it allows a defense in the first instance. We are of opinion that within the principle of the Louisiana rule the defendants continued in possession in moral good faith until the final adjudication upon appeal.
We conclude, therefore, that when the amendment of the Stabilization Act was adopted on June 30th, 1944, that this case was a proceeding pending in this court and, consequently, the provisions of the amendment are applicable. It results that we have discretionary authority in regard to the damages to be allowed within the limits of the statute. We conclude, therefore, in view of the good faith of the vendors that the judgment for the overcharge and not treble damages would be proper.
For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff to $72.50, plus $25 attorney's fees and costs.
Amended and affirmed.
 On Application for Rehearing.