McCALEB, Justice
(concurring).
I agree that the Civil District Court for the Parish of Orleans had jurisdiction of the divorce suit and that the judgment in favor of plaintiff is correct. I am also of the opinion that Section 4 of Act 448 of 1954, R.S. 13:4991, relative to venue of partitions of community property, is inapplicable to this case, but not for the reason given by the majority.[1] It is my view that this section, which makes the act retroactive and applicable in all instances “where a judgment decreeing a partition of a pre-existing community of acquets and gains has not become final”, is not relevant here for the simple reason that the judgment decreeing the partition became final at the same time that the divorce decree (of which it is merely an incident) became a final appealable judgment in the district court, which was prior to the enactment of the statute.
Under Article 539 of the Code of Practice, a final or definitive judgment is one which decides all points in controversy between the parties and from which an appeal may be taken, as provided by Article 565. The mere fact that a suspensive appeal may be taken from a final judgment does not in any respect change the finality of the judgment. It merely suspends its execution pending review. Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796. Hence, it cannot be supposed that the Legislature, in referring to final decrees of partition in Section 4 of Act 448 of 1954, intended that the Act would apply to final judgments on appeal, for such a fiat by the lawmaker might divest constitutionally protected property rights.
Rehearing denied: HAMITER and HAWTHORNE, JJ., are of the opinion that a rehearing should be granted.

. It is difficult for me to perceive how or why Section 4 of Act 448 of 1954 violates Section 2 of Article 2 of the Constitution. Surely, the fixing or changing of venue in suits for a partition of community property is a function properly residing in the Legislature and the mere fact that it has made the Act apply retroactively would not seem to be the exercise of judicial power any more than an outright repeal of a statute (on which a cause of action was based) pending the appeal would constitute an encroachment upon judicial power. The end result of the view announced by the majority is ■that the appellate court has a vested right in not having the law changed during the pendency of an appeal.