STOULIG, Judge.
This appeal presents for our consideration the sole issue of the adequacy of damages awarded by the trial court.
Plaintiffs maintain that the quantum of damages granted to Mr. and Mrs. Deus LeBlanc were so manifestly inadequate as to constitute an abuse of the lower court’s discretion, and further urges that the trial judge erred in refusing to recognize the claim of Mr. LeBlanc for the loss of future wages. The defendant answered the appeal seeking a reduction in the amount of the award to Deus LeBlanc, maintaining that the sum of $35,000 for injuries, pain and suffering is excessive and not in conformity with the evidence. It submits that the judgment should be for an amount not in excess of $15,000.
From the posture of the record as submitted we can make the following affirmative determinations: The trial court’s conclusion that the accident was caused solely by the fault and negligence of the defendant Joseph E. Williams is not disputed. Defendants have acknowledged in their pleadings that Joseph E. Williams was employed by Metal Locking of Louisiana, Inc., was driving a truck owned by the employer and was acting in its behalf at the time of the accident. Public liability coverage by Great American Insurance Company in favor of the employer was admitted. No appeal has been taken by any litigants from that portion of the judgment allowing property damage of $752.32; medical expenses for the treatment of Mrs. Rosey LeBlanc of $488.06; medical expenses for the minor Dan Lynn LeBlanc of $68.59; medical expenses for the treatment of Deus LeBlanc of $6,743.46; deposition fees of the medical experts of $683.70, and to this extent the judgment of the trial court is final.
In view of the lack of any factual issue involving the manner in which the accident occurred, no useful purpose would be served by recounting the attendant details and circumstances. Suffice it to state that the accident has been adjudged to be solely the fault of the defendant truck driver.
As we have noted previously, this appeal and the answer thereto concerns itself with the sufficiency of damages granted (a) Dan Lynn LeBlanc; (b) Mrs. Rosey Bour-que LeBlanc; and (c) Deus LeBlanc, in- *685 eluding the failure of the trial court. to award him loss of wages and loss of future wages.
A. DAN LYNN LeBLANC
Though the motion for appeal disputes the amount of damages awarded on behalf of the minor, Dan Lynn LeBlanc, apparently this position has been abandoned since the appellant did not argue its merits before this court. Defendants’ answer to the appeal does not place this segment of the judgment at issue. Accordingly, the judgment of the trial court for $150 in favor of the minor, Dan Lynn LeBlanc, is now final.
B. MRS. ROSEY BOURQUE Le-BLANC.
The adjudication of the adequacy of damages awarded to Mrs. LeBlanc requires an examination of the nature and extent of her injuries.
Immediately after the accident, on April 9, 1966, she was examined by Dr. Roy Landry at the Dauterive Hospital in New Iberia, Louisiana. He diagnosed her injuries as a small abrasion and laceration of her forehead requiring no suturing; a contusion of her right knee; and tenderness over the anterior part of the neck and trachea. There were no visible signs of acute distress or complaints of severe pain. She was hospitalized for observation purposes rather than treatment only because of a prior removal of her lung. She was next seen on April 11, 1966, by her regular physician, Dr. Joseph Musso, who confirmed Dr. Landry’s diagnosis.
Her medical record reflects routine treatment, including six days of hospitalization for observation, followed by four office visits. She was discharged on May 30, 1966, as being completely asymptomatic.
The trial judge allowed $750 for these injuries and the resulting pain and suffering, together with special damages of $488.06 which included the expenses of her hospitalization. Appellant contends the sum is grossly inadequate and should be increased to $2,500.
The Supreme Court in the case of Lo-menick v. Schoeffler, 250 La. 959, 200 So. 2d 127 (1967), prescribed certain guidelines for the appellate review of the quantum of damages assessed by the trial court. It stated;
“We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and the facts, but in their examination of the fact these courts must give effect to the basic law set out in Article 1934(3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses ‘much discretion must be left to the judge or jury’. This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.” 200 So.2d at 131-132.
The case of Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971), after citing LSA-C.C. art. 1934(3) and the cases of Gaspard v. LeMaire, 245 La. 239, 158 So. 2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964) ; and Lomenick v. Schoeffler, supra, enunciated two principles controlling the appellate function relative to personal injury awards when it concluded :
“From these decisions, two principles emerge: (1) To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the ‘much discretion’ accorded by the codal provision; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.” 246 So.2d at 19.
*686 Based upon this evidence, we cannot conclude that the award of $750 for these injuries plus special damages constituted an abuse of the trial court's discretion, and for this reason the judgment in favor of Mrs. LeBlanc is affirmed.
C. DEUS LeBLANC
Subsequent to the trial and rendition of judgment in this matter, but prior to the lodging of the record of appeal, Mr. Le-Blanc died from causes unrelated to the accident. We must now resolve the issue of the legal significance of his untimely death in passing upon the reasonableness of the amount granted for his injuries and other related items of damage.
Counsel for appellee has urged the fact of Mr. LeBlanc’s death as the basis for a reduction in the amount of damages awarded for his injuries. He submits that the trial court, in estimating the future elements of damage for pain and disability, anticipated that Mr. LeBlanc would experience these residual ill effects for some years, apparently correspondent to his normal life expectancy. The argument is advanced that the award of damages should be adjusted to eliminate any compensation for residual suffering and disability beyond the date of his death, and, accordingly, should not exceed $15,000.
In opposition to the foregoing contention, appellant maintains that the function of appellate review is limited to passing upon the correctness of the trial court’s judgment and that this court cannot consider post-trial changes of circumstances to vary the amount of damages awarded for future suffering, disability, and loss of income. We are of the opinion that this contention is in accord with the prevailing jurisprudence governing these items of damage as expressed in the case of Dark v. Brinkman, 136 So.2d 463 (La.App.3d Cir. 1962).
The factual details of the Brinkman case remarkably parallel those of the instant matter. It, too, involved the post-trial death of a successful litigant whose personal injury action was pending on appeal. Future pain, disability, and loss of income were also recognized as items of damages. And, as in our case, there was no causal connection between injuries received in the accident and the claimant’s death, and his heirs were likewise substituted as parties appellants.
The Brinkman case contains a clear and concise exposition of the jurisprudence on this subject matter, and because it is so factually similar to the instant case we are of the opinion that its rationale is applicable to the issues presented by this appeal. In Brinkman the court reasoned:
“With much difficulty we have come to the following conclusions: The award of damages for personal injuries must be based upon the evidence available to the trial court, and, in view of its strictly appellate function, the reviewing court cannot reduce such damage on the basis of factual events occurring subsequent to the trial. The trial court’s award of damages for personal injuries is based upon the evidence before it, including the life expectancy of the injured person; in making such award, the trier of fact necessarily takes into consideration that the injured person, despite the general life expectancy of persons of his group, may himself live far shorter than such general life expectancy. That the injured person dies one month before the appeal is heard rather than one month after the appellate judgment is final should not affect the correctness of the trial court’s award, nor entitle the tort-feasor in the one instance any more than in the other to a reduction of the award.
“To avoid the indefinite prolongation of litigation, it is necessary to assign some arbitrary date beyond which factual events affecting quantum should not be considered. Logically, this could equally well be the date by which the appellate court judgment is final, rather *687 than the date of the trial court judgment; but, if the appellate review furnished the cut-off date for new factual matters, then cause for continued litigation will always be afforded by the ever-changing human circumstances affecting the evaluation of awards for personal injuries.
“We prefer, then, to regard the plaintiff Dark’s action for damages to have merged into the trial court judgment, which is a final determination of the matter subject only to appellate review to correct errors committed by the trial court. Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796. We therefore do not believe that factual events not in the record and occurring subsequent to finality in the trial court of its judgment, can be considered on appeal as affording a basis by which to question the factual determinations (such as quantum) incorporated in the trial court judgment reviewed.” 136 So.2d at 469-470.
Under the reasoning of the Brinkman case with which we are in full accord, the fact that Mr. LeBlanc did not attain his full life expectancy cannot be utilized to amend or alter what may otherwise be determined to be a proper trial court adjudication of the rights of the parties.
We are now called upon to determine if the trial court’s award to Mr. LeBlanc is, in fact, reasonable compensation for his injuries and all resultant incidental damages.
The uncontroverted medical and lay testimony establishes that Mr. LeBlanc sustained very severe and disabling injuries. More precisely, those injuries consisted of fractures of the left sixth, seventh and eighth ribs with no fragment displacement; a contusion of the kidneys; and severe trauma to the cervical and lumbar areas of his back.
While none of these injuries was critical, they were extremely incapacitating and required prolonged medical treatment. As evidence of these factors, Mr. LeBlanc had been treated from the date of the accident (April 9, 1966) and was still receiving treatment as of the time of trial, approximately four years later. During this same period he was unable to perform, even to a minimal extent, his duties as a field supervisor of insurance agents, even though prior to the accident he had an exemplary work record for 16 years.
An examination of the record of his medical treatment reflects conservative medication on a daily basis, the wearing of a rib splint for 60 days, and hospital confinement on three occasions. He was first hospitalized, immediately after the accident, for some 15 days for diagnostic and treatment purposes. Because of continuing complaints of pain in the cervical and lumbar regions two years after the accident, myelograms of both of these areas were made. On October 21, 1968, he was hospitalized for a period of 15 days during which two cervical discs were removed and a fusion effected. This surgical procedure was highly successful with no residual after effects.
Several months later, on February 3, 1969, Mr. LeBlanc entered the hospital for the third time for a lumbar laminectomy involving several discs. His confinement was for a period of 30 days, 18 of which were due to his poor physical condition and normally not required in this type of surgery. He experienced extremely critical postoperative complications which for several days endangered his life. Unfortunately, the results of this operation did not correct his back condition, and he continued to suffer through the date of trial. Further lumbar surgery was indicated but was deferred because of the poor condition of the patient’s health.
The trial judge in his reasons for judgment found as a matter of fact that “the sum total of the medical evidence is that LeBlanc will continue to suffer from his back and will be disabled to a great extent as long as he lives.” In assessing dam *688 ages, the trial judge stated he relied upon the case of Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970), in arriving at the sum of $35,000.
We are mindful of the directive of our Supreme Court contained in the case of Gaspard v. LeMaire, supra, that appellate tribunals should resort to prior awards of damages solely as a criteria in determining the reasonableness of the trial court’s judgment. The modification of a lower court’s award for the sake of uniformity of assessments is contrary to the provisions of LSA-C.C. art. 1934(3) which vests “much discretion” in the trial judge.
A review of the cases involving the award of damages for permanent back injuries shows the amounts vary from $20,000 to $30,000. Viator v. Gilbert, 206 So.2d 106 (La.App. 4th Cir. 1968); Waller v. King, 188 So.2d 231 (La.App.2d Cir. 1966); Robnett v. Great American Insurance Co. of New York, 187 So.2d 152 (La.App.2d Cir. 1966); Gaspard v. LeMaire, supra; Reeves v. State, 80 So.2d 206 (La.App.2d Cir. 1955).
After reviewing these cases and being cognizant of the fact that “much discretion” vests in the trial court and being of the opinion that the injuries to Mr. LeBlanc were of a more serious nature, we cannot conclude that the trial court’s award of $35,000 constitutes an abuse of discretion.
Appellants also sought as items of damages the loss of wages from the date of the accident through the date of trial and the loss of future wages predicated upon the inability of Mr. LeBlanc to perform his customary duties for his employer. The trial court’s action in refusing to recognize any loss of past wages is amply supported by the testimony of plaintiff’s employer, Mr. Lynn Landry, that Mr. Le-Blanc had been paid his full salary from the date of the accident and would continue to receive it beyond the date of trial to January 1, 1970. Obviously, Mr. LeBlanc did not sustain any loss of wages during this period. It cannot validly be contended that these payments by the employer should not be considered as wages received in determining any loss of income.
Despite the testimony that Mr. LeBlanc would be placed on a retirement status and his income reduced to $100 per month after January 1, 1970, the trial court refused to allow any compensation for the loss of future wages. In evaluating the testimony of Mr. Landry indicating that the plaintiff would be retired as of January 1, the court reasoned: “[This] cannot suffice to jell the possibility of future income loss into a concrete probability of future income loss and remove it from the realm of speculation and conjecture. This Court cannot allow damages for future income loss.”
This conclusion is not an arbitrary one in view of the fact that two years prior to the date of trial Mr. Landry in a deposition testified that he shortly expected Mr. LeBlanc’s position would be changed by the employer because of his inability to work. Apparently, the trial court was of the opinion that since the employer did not reduce Mr. LeBlanc’s wages during the following two years after declaring his intention to do so, then he would not reduce them after January 1, 1970.
If our consideration of this part of the judgment were restricted solely to this evidence, i. e., the credibility of the witness, we would be compelled to affirm the judgment of the trial court. However, a review of the proceedings reflects that the trial court signed its judgment on June 12, 1970, and an application for a new trial was timely filed on June 17, 1970, partially based upon the refusal of the trial court to award damages for the loss of future wages. A hearing on the application was set for June 22, 1970, at which time evidence was adduced that Mr. LeBlanc had been retired and was being paid at the rate of $100 per month as Mr. Landry had previously testified. The evidence bearing upon this aspect of the claim establishes *689 that Mr. LeBlanc’s forced retirement after January 1, 1970, reduced his annual income from $6,800 to $1,200. All of the medical testimony confirmed that due to the injuries he received in the accident he could no longer perform the functions of an insurance field supervisor, including extensive driving and the physical activity involved in servicing of accounts. At this time the trial court had before it sufficient evidence of the fact that Mr. LeBlanc’s income had been substantially reduced, and, having previously concluded that he was disabled, it was clear that he would, in fact, sustain a future loss of wages. Since this element of damages had become an accomplished fact and was no longer a matter of conjecture, the trial court should have amended its judgment to make a reasonable allowance for the loss of future income.
We have previously concluded that the losses occasioned by Mr. LeBlanc are to be determined as of the date of trial. The issues raised by the application for a new trial constitute a segment or part of this trial. It is beyond dispute that the loss of future income is a recoverable element of damages resulting from tortious conduct.
We must now determine a reasonable and fair amount of damages to compensate for the loss of future income. In so doing we must bear in mind that the Supreme Court in the case of McFarland v. Illinois Central Railroad Company, 241 La. 15, 127 So.2d 183 (1961), proscribed the ascertaining of loss of future earnings by computation based solely upon work-life expectancy. Also, in the case of Stanford v. Bate-man Frozen Foods Company, 149 So.2d 753 (La.App. 1963), the First Circuit reaffirmed that the application of the mathematical formula based upon work expectancy could not be utilized in determining the loss of future wages. Recognizing the difficulty of determining with reasonable certainty and probability the loss of future earnings in the absence of any scientific and mathematical basis for so doing, the Supreme Court, in the case of Viator v. Gilbert, supra, indicated the standard to be used in making such a determination:
“ * * * [Consideration must be given to the settled jurisprudence of this Court that allowance of monetary damages for loss of future earnings (or support of dependents in case of death) cannot be calculated with mathematical exactitude ; that they are speculative in character and the ‘ * * * most that the courts can do * * * is to exercise a sound judicial discretion and award such amount as, all the circumstances considered, may seem just to both litigants and not unduly oppressive to either.’ * * * ” 253 La. 81, 216 So.2d 821, at 822-23.
Taking into consideration the fact that Mr. LeBlanc was 55 years of age, the condition of his health prior to the accident, his prior work record, and other factors, we are of the opinion that $7,500 is just compensation to the claimant for future loss of income and is a reasonable assessment against the tort-feasor.
For the foregoing reasons, the judgment of the trial court in favor of Deus Le-Blanc is amended to include the loss of future income in the sum of $7,500, so that this portion of said judgment shall read as follows: There be judgment herein in favor of plaintiff Deus LeBlanc, individually, and against the defendants, Metal Locking of Louisiana, Inc., Joseph E. Williams, and the Great American Insurance Company, jointly, severally and in solido, in the sum of Thirty-five Thousand Dollars ($35,000) for pain, suffering and permanent injuries; the sum of Six Thousand Seven Hundred Forty-three and 46/100 Dollars ($6,743.46), for his medical expenses ; the sum of Seven Thousand Five Hundred Dollars ($7,500), for loss of future income; the sum of Four Hundred Eighty-eight and 06/100 Dollars ($488.06), medical expenses of Rosey B. LeBlanc; the sum of Sixty-eight and 59/100 Dollars ($68.59), medical expenses of Dan Lynn LeBlanc; and the sum of Seven Hundred *690 Fifty-two and 32/100 Dollars ($752.32) for property damage. In all other respects the judgment of the trial court is affirmed. Appellee is cast for the costs of this appeal.
Amended and affirmed as amended.