HARDY, Judge.
This is a suit for damages resulting from an automobile collision between a car -belonging to plaintiff, driven by its employee, and an automobile belonging to the community existing between defendants, husband and wife, and being driven at the time by the wife on a community mission. Defendants reconvened, seeking the recovery of damages sustained by their automobile, together with damages for personal injuries to the wife and her nine-year-old son, who was a passenger in the automobile at the *218 time of the accident. After trial there was judgment in favor of plaintiff and further judgment rejecting the demands of defendants. From this judgment defendants have appealed.
The accident occurred on October 15, 1949 at the intersection of DeSoto and Seventh Streets in the City of Alexandria. Plaintiff’s icar, driven by its employee, was proceeding south on DeSoto, a right-of-way street, and defendants’ car was being driven west on Seventh Street. As the basis for the action plaintiff alleges that the defendant, Mrs. Landry, in violation of a City ordinance, failed to stop at the intersection with DeSoto Street and proceeded across said street directly in the path of plaintiff’s approaching car, and that such negligence on the part of Mrs. Landry was the direct and proximate cause of the accident. Defendants answered, denying the charge of negligence and, in turn, asserted that the accident was caused by the negligence of plaintiff’s employee in that he was driving at an excessive rate of speed, without having the vehicle under proper control and without keeping a proper lookout as required by law. Alternatively, defendants urged and relied upon the last clear chance doctrine in support of their claims for recovery.
The only eyewitnesses to the accident who testified on trial of the case were Mrs. Landry and one Jimmy Williamson, plaintiff’s employee and driver of the vehicle involved in the aocident. The testimony of these witnesses fails to establish the charges of negligence made respectively by plaintiff and defendants. We need only to point out the fact that Williamson testified that he did not see the Landry car until he was about ten feet away. Similarly, Mrs. Landry testified that she did not see plaintiff’s car until the impact. Mrs. Landry testified that she was driving at a moderate rate of speed; that she stopped at the intersection and looked down DeSoto Street; that she did not perceive the approach of plaintiff’s car, and thereupon proceeded to enter the intersection. Williamson testified that he was driving at a speed of approximately fifteen miles per hour; that he was keeping a lookout, and that he did not see the Landry car until, as above stated, he was within about ten feet.
It is therefore obvious that plaintiff has entirely and completely failed to establish the fact that Mrs. Landry was guilty of the negligence charged, that is, failure to stop at the intersection with a right-of-way street. It is equally as obvious that defendants have utterly failed to 'establish the charges of negligence against the driver of plaintiff’s car, namely, that he was proceeding at an excessive rate of speed; failed to have his car under control and to keep a proper lookout. As far as the so-called eye-witnesses were concerned, with respect to the charges of negligence, they might as well have been miles removed from the scene. The only other testimony bearing upon the physical circumstances surrounding the accident is the testimony of a police officer who made an investigation of the site. This testimony only establishes the fact that the officer fixed the location of the point of impact at a point slightly past the center of the intersection. This conclusion is borne out by the fact that the Landry car was struck on the right side, between the right front fender and door.
Defendants’ claim for recovery on the basis of the application of the last clear chance doctrine cannot be allowed, by reason of the fact that the testimony fails to establish the fact that the accident could have been avoided by plaintiff’s driver.
For the reasons set forth the judgment from which appealed is reversed and set aside, and there is now judgment rejecting plaintiff’s demands and further judgment rej ecting. the reeonventional demands of defendants. It is ordered that the cost of both courts be divided equally between plaintiff and defendants.
KENNON, J., not participating.