CAVANAUGH, Judge.
This suit is for damages for’ personal injuries' suffered by Mattie Romero on July 26, 1945, when plaintiff fell and suffered fractures of the arms and bruises and abrasions about the face and head. The .cause of action is predicated on the liability of the defendant, lessor, to plaintiff, lessee, for not maintaining the leased premises in a habitable state .of repair, knowing that the premises were unsafe and the steps to the house were in such condition that when plaintiff went to attend to her chickens on a rainy night the middle or center step broke and she was precipitated to the ground, causing injuries complained of.
The suit was filed on August 10, 1945. Defendant answered on October 3, 1945 by general denial and urged special defenses contending that the plaintiff, under the terms of a verbal lease, agreed to maintain and repair the premises and that there was no liability on the part of defendant because plaintiff had assumed the'obligation of maintaining the leased premises. The further defense of negligence on the part of plaintiff was urged in that she knew the condition of the steps and the night was dark and it was raining and the place was not illuminated, and plaintiff’s vision was bad. Plaintiff filed a supplemental and amended petition on October 8, 1945, claiming additional medical expenses and damages. The original suit was for $5,050 and by the amendment the plaintiff claimed an additional $2,500 damages and $45.50 medb cal expenses and $23.50 for eye glasses.
The case was tried on November 23, 1945, and at the conclusion of the testimony it was agreed that after the testimony was transcribed the case would be submitted on briefs. The evidence was filed on February 1, 1949.
After the trial of the case, but before the evidence was transcribed and filed, and we assume before the case was submitted to the District Court' for decision, Mattie Romero died during the month, of July, 1948. The exact date of her death is not reflected by the record. , - , .
*155 The present plaintiffs, Leslie C. Morris, Oliver F: Millien, Marie :Morris Vaughan, Nellie Morris Romero and Una Millien McKee, on January 12, 1950, filed a petition alleging that they were her children and heirs aind that she died intestate during the month of July, 1948, while visiting in Monroe, Louisiana; that her succession was not opened, hut that they accepted the succession of their deceased mother and asked that they he made her representatives and •substituted as the plaintiff in her place and stead, and authorized to prosecute this suit, •and to stand in judgment; they prayed that the defendant he served with a copy of the petition and that after due proceedings had, there be judgment in their , favor and against the defendant in the sum and fpr the costs prayed for in the original petition. This amended petition by the present plaintiffs was served on the defendant on January 13, 1950. No answer was made by the' defendant to this supplemental and amended petition of the present plaintiffs.
The minutes contained in the record do not show when the record was submitted to the Court for decision, but we find in the record a letter dated April 27, 1950, from plaintiff’s attorney addressed to the Clerk of Court, in which it is stated that the case had been .under advisement by the Court since May, 1948, in which plaintiff’s attorney complains of the delay.
The Lower Court rendered judgment on May 2, 1950, rejecting the plaintiff’s demands at their cost,. holding that plaintiff was notified to leave the premises and that, failing to do so, she was classified as a trespasser and held that the negligence of the plaintiff caused the accident and rejected the demands of her children at their cost. Thereupon, the present plaintiffs filed a motion for a new trial or rehearing on May 4, 1950. Subsequent to the rendition of the judgment, the defendant, Kline Sims, died, and on May 20, 1953, Alice Sims Hanson, universal legatee of G Kline Sims, and F. Kettredge Sims, brother of C. Kline Sims, filed a motion to dismiss the application of the plaintiffs fof a new trial and/or rehearing, in which it is alleged that the plaintiff, Mattie Romero, died in July, 1948, and that more than one’ year had elapsed' before1 her children, the present plaintiffs; filed a petition to continue this suit in the place of their deceased mother, and especially plead thaf their right to continue or prosecute the suit of their mother, Mattie Romero; had per'empted and asked that the motion be denied and that the suit' be dismissed. ' The motion for a new trial and/or rehearing was heard by Judge Clyde V. St. Amant who had succeeded Judge Himel as Judge o'f the District Court. The plaintiffs, after a denial of their motion for new trial and/or- rehearing;' applied for and were granted a devolutive appeal from the judgment. •
• The present defendants ,in this case have filed in this cause a motion to dismiss the appeal on the part of the present plaintiffs because they substituted themselves as plaintiffs in this suit more than one year after the date of the death of their mother, Mattie Romero, and urge’ that their right and cause of action is p.erempted.- They have also filed an -answer'to the appeal, in which it is urged that the plaintiffs’ right and cause of action had perempted because it was not asserted within one year from the date of the..death of Mattie Romero; and, in the alternative, defendants ask that the judgment of the Lower Court be amended to show that the suit ..was dismissed because of peremption ’ and abatement of the right and cause, of action; and further in the alternative defendants urge that if we should conclude, that the provisions of LSA — R.S. 13:3349 should prevail, the judgment of the Lower Court should be affirmed. . . . :
The questions of law involved in this- .case have been fully covered by both appellants and appellees in brief and oral argument. We will first consider the plea of peremption filed in the Court below ánd also urged here because if appellees’ position is maintained, the suit will be dismissed, and consideration of the merits of the case ’will not be necessary. 1 ■
 The question presented by the plea of peremption has been decided by the appellate courts of this State in numerous *156 cases adverse to plaintiffs’ contentions, the most recent case being Gabriel v. United Theatres, 221 La. 219, 59 So.2d 217. During the argument of the case, counsel for plaintiffs, conceded that that case was against plaintiffs’ position, but insisted that the Supreme Court committed error in deciding the case as it did, or that, if -the case was decided rightly, it had no application to plaintiffs’ case because of a different factual situation. We are unable to discern any difference, because in the Gabriel case the surviving husband, in the absence of descendants and ascendants, sought to be substituted and carry the suit on, and in the case at bar the substitution is by the children. Plaintiffs argue that the peremption provided for in the statute is not applicable to their case because their mother’s suit was pending when she died, and that upon her death they succeeded to her rights, and, as long as the suit was pending, no peremption or prescription would run. Plaintiff has fallen into error in failing to distinguish between a prescriptive and a peremptive limitation. It is the jurisprudence of this State that no suspension or interruption of peremption can take place because a statute of peremption destroys the right and cause of action. The statute plainly states that the right must be asserted within one year from the date of the decease, and all of the cases we have examined have uniformly held that where the suit was filed and pending in the name of the injured person and she died before judgment, her heirs had to make themselves a party to the suit within one year from the date of her death, because she had no proprietary right in the cause of action to transmit to them.
The late Judge Doré was the organ of the Court in Miller v. American Mutual Liability Insurance Company, La.App., 42 So.2d 328, and in an elaborate opinion reviewed the prior adjudications. The facts here are similar and identical with the facts in the cited case as to when the heirs of a deceased who had filed suit which was pending could continue the suit after death but before judgment. The plaintiffs permitted more than one year to lapse before they made themselves parties to the suit. Appellants make the same contention here as was made in the Miller case, supra, in that they contend that they are only asking to assert the rights of' their deceased mother, and that no peremption or prescription-can run against them, because of the pend-ency of the suit, unless it be the five year prescription of Article 3519 or the thirty year prescription under Article 3548 of the LSA-Civil Code. The jurisprudence has, been definitely settled by the above adjudications, and we do not think that the question at this time is debatable.
We will amend the judgment and sustain-the plea of peremption filed in the District Court and dismiss this suit at appellants’" cost.
For the reasons assigned, the judgment, of the District Court is amended, the plea of peremption sustained, and this appeal dismissed at appellants’ cost.