Catherine WILSON, individually and as natural tutrix of her minor child, Linda Wilson, Appellant,

v.

SAMPSON BROTHERS & COOPER, INC., and the Hartford Accident & Indemnity Co., Appellees.

No. 17984.

United States Court of Appeals Fifth Circuit.

Jan. 7, 1960.

Rehearing Denied Feb. 5, 1960.

**612**

G. Harrison Scott, Charles E. Richards, New Orleans, La., for appellant.

Stanley E. Loeb, Robert G. Hughes, New Orleans, La., for appellees.

Before HUTCHESON, TUTTLE and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging that the inhalation of poisonous gas, (hydrogen cyanide), negligently used in fumigating a warehouse where he was employed, had caused toxic hepatitis and early cirrhosis of the liver, Lawrence Wilson, on June 15, 1957, sued for the damages caused to him thereby. On August 28, 1958, a motion was filed, substituting Catherine Wilson, for herself and as natural tutrix of her minor child, as plaintiff, in which it was alleged that Lawrence Wilson had died on June 22, 1957. On February 26, 1958, defendants filed a motion to dismiss on the grounds that because of failure of the substituted plaintiff to file the demand within the one year allowed by Art. 2315, LSA–Civil Code,[1] the action was perempted, and on Feb. 28, 1959, a supplemental complaint was filed, in which damages on behalf of the substituted plaintiff were then first demanded.

The district judge reserving rulings on these motions, the cause was tried to the court without a jury, and the district judge, filing findings of fact and law in favor of the defendants and without passing on the motions raising the question of peremption, entered judgment on the merits for defendants.

Appealing from the judgment, plaintiff is here insisting that it must be reversed and here rendered, while defendants, insisting that in no event could plaintiff recover a judgment, urge upon us: (1) that the cause of action was perempted; and (2) that the findings in favor of the defendant on the merits find full support in the evidence.

As the district judge did, we pass the peremption question, without deciding it, to say that we agree with the appellant: that a typical fact case was presented by the evidence; that the court's resolution of the issues in favor of the defendants was not clearly erroneous but was completely consistent with the truth and right of the case; and that the judgment must be affirmed.

It will serve no useful purpose for us to set out the facts. It will be sufficient to say: that the district judge, in the findings on which his judgment was predicated, carefully and fully analyzed the facts and drew therefrom the entirely permissible conclusion that plaintiffs had not made out a case for judgment; and that we order the judgment affirmed.

1. Cf. Romero v. Sims, La.App., 68 So.2d 154 at page 155; McConnell v. Webb, 226 La. 385, 76 So.2d 405; Bounds v. T. L. James & Co., D.C., 124 F.Supp. 563; and Miller v. American Mutual, La.App., 42 So.2d 328.