## No. 12,671.

### JAMES T. CHIVERS VS. ERNEST ROGER.

The right of action which survives in favor of certain designated persons as beneficiaries, for the recovery of damages for personal injuries to a deceased, perishes with the deceased claimant, notwithstanding suit has been filed and put at issue by an answer.

| 50 | 57 |
| 50 | 479 |
| 50 | 57 |
| 105 | 80 |
| 50 | 57 |
| 109 | 1066 |
| 50 | 57 |
| 117 | 846 |
| 117 | 985 |
| e117 | 987 |

Chivers vs. Roger.

An action for damages for personal injuries arising *ex delicto* does not survive the death of the claimant, in case in results from the injury inflicted.

The general rule is, as established by the Civil Code, and Code of Practice, that an action does not abate by the death of the plaintiff after answer filed; but the right of action for the recovery of damages to an injured person who dies from the effect of the injuries received survives only upon the express terms of the act of 1894, and in favor of the beneficiaries therein designated, and its provisions must be construed strictly.

APPEAL from the Eighteenth Judicial District Court for the Parish of Lafourche.  *Caillouet, J.*

*Beattie & Beattie* for Plaintiff, Appellant.

*Clay Knobloch & Son* for Defendant, Appellee.

Submitted on briefs December 28, 1897.

Opinion handed down January 24, 1898.

The opinion of the court was delivered by

WATKINS, J.  This is an action for the recovery of twenty-five thousand dollars damages for the death of the plaintiff's son, which was caused by the alleged negligence and want of care on the part of the defendant.

It is alleged that the deceased was employed in the sugar factory of the defendant as a sugar maker, " and was literally cooked to death in a vat of boiling water," and that " having suffered untold pain and anguish," he died soon after the accident happened.

The cause was tried and submitted on the 23d of March, 1896, but on account of the near approach of the adjournment of the court, an agreement of parties was reached, that the decision of the court might be rendered at the next term of the court; but that, at that time, no judgment was rendered.

· That on the 18th of September, 1896, the plaintiff, James T. Chivers, died, and on the 30th of that month his heirs were duly cited and made parties plaintiff to the suit.

That the judge *a quo* refused in this attitude of the case to pass upon the merits, but dismissed the suit on the ground that the plain-

Chivers vs. Roger.

tiff having died, his right of action for the damages claimed did not survive him, and continue in favor of his heirs.

It is from the judgment of dismissal that the heirs of the deceased plaintiff prosecute this appeal.

The contention of the plaintiff's counsel is, that the law gave to the plaintiff, James T. Chivers, the right to institute this suit against the defendant for the recovery of the damages his son had suffered at his hands, resulting in his death; and having instituted the suit, and obtained a contradictory trial thereof in the District Court, prior to his death—notwithstanding no judgment had been pronounced upon the issue joined—his *right of action* survived him and became vested in his legal heirs as an inheritance, entitling them to prosecute the suit to final judgment. Revised Civil Code, 2315, 944, 945.

*Per contra*, the contention of the defendant's counsel is, that the precept of the civil law, and that of the common law as well, is, that an action which is merely personal, one arising *ex delicto*, perishes with the person who is entitled to it.

*Actio personalis moritur cum persona.* 4 Institutes, 315; 3 Blackstone Com. 302.

That, by the positive terms of our law, this right of action survives in case of the death of the claimant, in favor of the minor children, or widow of the deceased; or in default of the same, in favor of the surviving father or mother. R. C. C. 2315.

That in the event of neither the beneficiaries named having survived the deceased claimant, the right of action abates, and ceases altogether.

The purport of this contention is, that if the heirs of the parent, James T. Chivers, are recognized as having acquired a right of action by inheritance from him at his death, it would be in effect, to enlarge the provisions of Revised Civil Code, 2315, and the statute of 1884 amending it, by conferring same upon a class of persons that is not included in either.

Our learned brother of the District Court prepared an interesting and instructive opinion, in the course of which he says:

"It seems clear to my mind, that if the plaintiff had died before bringing this suit the right of action would have expired with him.

"His heirs could not have brought suit by right of representation, for they are not embodied in the statute," and it must be construed strictly. Walton vs. Booth, 34 An. 914.

That " the right was purely personal and not transmissible with the succession of the (plaintiff), but died with him."

Again:

" If this language "—that of the Code and statute quoted—" means anything, it means that the right of action shall exist for the space of one year after the death of the party injured in favor of, first, the minor children and widow; and of, second, the father and mother, or either of them. The right is to exist in favor of all, in the order named, during one year; so that, if the minor children and the widow of the deceased should die within the year, and before having reached their right to possession, the right of action would descend, not to either heirs or legal representatives, but to the father and mother, or either of them, as the case may be. To hold otherwise would be to make persons not mentioned in the law the beneficiaries, to the exclusion of the beneficiaries expressly provided for in the law.

" Such a conclusion has no foundation in law, or in reason.

" It seems clear, therefore, that the right conferred is a purely personal one, which, if not reduced to possession, expires with the beneficiary."

Our predecessors examined and construed the provisions of Art. 2294 of the Civil Code—Art. 2315 of the Revised Civil Code—to be inapplicable to a case in which death had resulted from personal injuries, and in the course of this opinion the court said:

" The plaintiff and her children, in this case, do not complain of wrongs to their own persons, and it can not be pretended that they had any right of property in their husband or father.

" It appears to us, therefore, that without a special statute authorizing such actions, they can not be maintained." Hubgh vs. Railroad Company, 6 An. 495.

The decision in that case was affirmed in Herman vs. Railroad Co., 11 An. 5, and in Earhart vs. Railroad Co., 17 An. 245.

It is well to recur to the provisions of the article of the Code, which are as follows, viz.:

" Every act whatever of man, that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the minor children and widow of the deceased or either of them; and in default of these, in favor of the surviving father and mother, or either of

them, for the space of one year from the death." R. C. C. 2315 (2294).

It thus appears that " the *right of this action* shall survive," *first*, in favor of the minor children of the deceased; *second*, in favor of his widow, and *third*, in favor of the father and mother of the deceased, or either of them. Each of the persons acquires " the right of this action " in the order named; and, obviously, the acquisition by one of them of that right of action, would have the legal effect of excluding those who follow him.

The statute referred to enlarged the remedy which is afforded by the aforesaid article of the Code, and supplemented it in the following terms, viz.:

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband, or wife, as the case may be." Act 71 of 1884.

This court had occasion to construe and apply the provisions of hat statute in a recent case. Walton vs. Booth, 34 An. 913.

The case as stated in that opinion, was that of the father and mother who sought to recover damages of an apothecary who sold their daughter a dose of deadly poison by mistake, through the administration of which she died.

In that case an exception of no cause of action was taken; but same was by the court disallowed, on the ground that the right of action which the statute conferred was in favor of the father and mother of the deceased, and not of her husband, as contended.

On this question the court said:

" The right of action which plaintiff's daughter would have been entitled to exercise, if she had not died, did not survive in favor of her husband, but in favor of her father and mother.

" Such a right accrued only in favor of the minor issue, the widow, the father and the mother, as regulated by the Code. Those not included are excluded.

*       *       *       *       *       *       *

"It took special legislation to bestow (the right of action) upon certain named beneficiaries, and that legislation can not be liberally interpreted."

It is noticeable that the act of 1884 merely supplied a remedy which the court held, in Hubgh vs. Railroad Company, did not exist under the Code, that is to claim damages in a case of the death of

the injured party, by means of the accident, but the Legislature care-fully confined the transmission of the right of action therefor to "the survivors above mentioned"—that is to say, those who are mentioned in the Code.   R. C. C. 2315.

The result of this investigation is, that *the right of action* for dam-ages for a personal injury, whether the injured person died from the effect thereof, or subsequently, from some other cause, is just the same, under the legislative amendment of 1884, as it existed under the Code previously.

We are thus brought to the discussion of the principal question, whether or not the father's right of action perished at his death, or survived his demise and vested in his legal heirs as part of their inheritance.

It is not doubted—on the contrary conceded—that had the father died without instituting an action for the recovery of the damages, the right of action would have lapsed altogether; but it is the con-tention of plaintiff's counsel that a different rule obtains in a case like the instant one—suit having been filed, put at issue, and actually tried, during the lifetime of the plaintiff.

They cite and rely on the provisions of the Code of Practice, which are as follows, viz.:

"Actions do not abate by the death of one of the parties after answer filed."   Article 21, 361.

The provisions of the Revised Civil Code are to a like effect, for they declare, viz.:

"The heir being considered as having succeeded to the deceased from the instant of his death, the first effect of this right is, that *the heir transmits the succession to his own heirs,*" etc.   Article 944 (our italics).   "The second effect of this right is to authorize the heir to institute all actions, even possessory ones, which the deceased had a right to institute, *and to prosecute those already commenced,*" etc. Article 945 (our italics).

But the contention on the other side is, that conceding the full force of those articles of the codes, and the difficulty suggested is not overcome; because, under the well settled jurisprudence of this court, and the cited provisions of the Civil Code and its amendment, an action for the recovery of damages for personal injuries sustained is a purely *personal* one, and does not survive the death of the bene-ficiary.   That consequently no *right of action for damages for personal*

*injuries,* survives the death of a beneficiary, notwithstanding the Code of Practice states the general rule to be that "actions do not abate by the death of one of the parties, after answer filed."

To meet this proposition it is submitted on the other side that once a suit is filed and put at issue by an answer, the *action* survives and passes at the death of the *actor* to his beneficiary heirs.

In solving this question we must keep in mind the underlying and cardinal distinction which exists between the Civil Code and Code of Practice, the former being the legislative embodiment of the civil law and the latter being a codification of the rules of practice.

In Beard vs. Russ, 34 An. 315, this court made this distinction between the provisions of the two codes.

It is true that our predecessors held in Vincent vs. Sharp, 9 An. 463, that a personal action for damages resulting from an assault and battery does not expire with the person who instituted it.

But that case was tried and decided in the District Court and a verdict of the jury rendered in favor of the plaintiffs, and from that judgment an appeal has been prosecuted. The plaintiff and appellee having died during the pendency of the appeal, counsel for the defendant and appellant insisted that the heirs of the deceased had no standing in court to prosecute the appeal, because the right of action lapsed at the death of the plaintiff and appellee.

On casual inspection that decision would seem to favor the plaintiff's theory, but on reflection it does not.

That case was circumstanced differently from the instant one, in that it had ceased to be an action and had become merged into a judgment, and this court has decided that an appeal was not an action.

In Beard vs. Russ, *supra,* our predecessors said that "it is clear that an *appeal* is a mere incident to an *action,* and not at all the same thing. The judgment is the result or the consequence of the *action,* and the appeal is the mode of seeking to have the judgment of the inferior court corrected by the appellate tribunal."

A judgment is the property of him in whose favor it is rendered, therefore it may well be that a judgment would pass, at the death of one in whose favor it is rendered, to his heirs when an *action pending* would not, because the right of action had lapsed on account of his demise.

But there is a marked distinction between the Vincent case and the instant one, in that the plaintiff in that case was himself the

party injured, and instituted the suit for damages which he had suffered and recovered a judgment, and afterward died pending an appeal. On this statement, his heirs came within the plain terms of the Code.

The Code provides that the right of this action for personal injuries survives the death of the person injured, in favor of certain designated individuals, as beneficiaries in the order named; and in default of one or more of them, by death or otherwise, the next one in order acquires that right of action, in his or her favor.

If, then, one of the beneficiaries first enumerated should institute a suit and cause it to be put at issue, and thereafter die, and his beneficiary heirs should, on that account, inherit the pending action, the result would necessarily be to confer the benefit of the statute on persons not contemplated therein; and defeat the claim of the one who would otherwise have succeeded the deceased thereto.

The Supreme Court has furnished the true solution of this proposition in giving an interpretation to a statute of West Virginia quite similar in terms to that of our Code of Practice, Art. 21, in the following extract, viz.:

"The reasonable inference is, that the clause relied on, like the rest of the chapter, is intended to prescribe the mode of procedure in actions, *the cause of which survives*, either at common law, or by virtue of other chapters of the Code; and that its whole effect is to avoid the necessity of bringing a new action *when the right of action survives*, and not to give a new right of action which did not exist before." (Italics are ours.)

Gerling, Administrator of Martin, vs. Railroad Company, 151 U. S. 673. There is a line of decisions by this court upon a similar question which bears a strong analogy to the instant case; we refer to the cases in which it has been held that if the surviving widow, left in necessitous circumstances, dies without having *actually received* the sum of one thousand dollars, which the law accords her, same does not pass as an inheritance to her legal heirs at her death; because, say the court, "the right of the widow is personal and does not constitute a part of her succession." Succession of Durkin, 30 An. 669; Succession of Robertson, 28 An. 832; Succession of Tugwell, 43 An. 879: Succession of Justus, 44 An. 721.

True those decisions do not proceed upon the theory that the right of action of the widow is based upon a tort, or is one which arises

*ex delicto*, but on the theory that it arises upon a pure gratuity of the statute, which authorizes her to *demand and receive* that sum out of her husband's succession in preference to his creditors. R. C. C. 3252.

Being a provision of law in derogation of common right, same has always been strictly construed.

In the Tugwell case we said:

" It is a right which must be asserted and reduced to possession; be. demanded and received before it is vested in the party.

A judgment obtained by the widow for the amount is not any more heritable than the claim itself prior to its possession. The law mentions the widow and the minors as the beneficiaries. The widow having died before it was bestowed upon her—before it was severed from the estate, and before possession—the major heirs can not recover."

⟍That doctrine goes further than the exigencies of this case require that we should go; because the action of the deceased claimant had not been merged into a judgment. Nor need we hold that the two causes of action are similar; though they logically lead to the conclusion that the death of the claimant resulting during the pendency of the suit, notwithstanding an answer has been filed, the right of action perishes *eo instanti*, and the action ceases to exist.

But this doctrine is strictly confined, in the present case, to the beneficiaries' right of action for the recovery of the damages which the predeceased injured person suffered, and which occasioned his death; and does not extend to a case in which a person has sustained personal injuries and subsequently dies from some other cause.

There is undoubtedly strong argument in favor of the opposite view, but on mature reflection our deliberate conviction leads us to hold that the action has abated because the right of action perished with the death of the beneficiary, this opinion being more in consonance with the jurisprudence of this court.

Judgment affirmed.

### DISSENTING OPINION.

BLANCHARD, J. The abstract *right* of action was not transmissible to the legal heirs of the plaintiff.

If he had not prior to his death instituted the suit, they could not do so after his death.

But that is not this case.

The father of the dead son had exercised his *right of* action.

He brought the suit claiming damages. `It was tried, submitted and taken under advisement. Before the judge had prepared his opinion and rendered judgment the father and plaintiff died.

His right *in the action already pending* passed to his heirs.

Actions do not abate by the death of one of the parties after answer filed.   C. P. 21, 361;  C. C. 942, 943, 944, 945.

The opinion of the majority of the court rejects the distinction that should be drawn between the attempted exercise of a mere personal right of action, right to originate proceedings, right to institute suit, and the transmission to legal heirs of the *right of property* in an action already instituted, in proceedings already commenced.

The one is a right *in posse*, not transmissible;  the other a right *in esse*, transmissible.

The right of action had accrued and been exercised before the death of the father.   The mere right of action had, therefore, been merged, prior to his death, *into the action itself*.

What descended to the heirs was not his right of action, but *the action*.

It was a property right and inheritable.

I respectfully dissent.