MOISE, Justice.
 

 This case is before us on writs to review a judgment of the Court of Appeal for the Parish of Orleans, annulling and reversing a judgment for defendants on the merits, in the district court, and remanding the case for further proceedings.
 

 On July 17, 1941, plaintiff Alice Gabriel Strain sustained a fall in the Tivoli Theatre in New Orleans. On April 15, 1942, suit was instituted for recovery in her behalf of the sum of $1,590 as. damages and for recovery in behalf of the husband of the sum of $34.50 for costs incurred by the ‘community as a result of the fall. In due course the case was tried on the merits, and there was judgment in favour‘of defendants, dismissing plaintiffs’ suit. This judgment, was rendered on July 10, 1944, and signed on July 14, 1944; on June 21, 1945, plaintiffs took a devolutive appeal, and pending argument thereof, Alice Gabriel Strain died on October 30, 1945, from natural causes, unrelated to the injuries received by her in falling.
 

 
 *224
 
 No further action was taken until May 2, 1950, when Marcelian Strain, her husband, presented a motion to the Court of Appeal for the Parish of Orleans suggesting that “decedent (Alice Gabriel Strain) was married but once and then to Marcelian Strain, and from which marriage no' children were born, and the decedent never adopted anyone and no one ever adopted her. That the decedent’s father and mother and other ascendants all predeceased her. That, therefore, mover, Marcelian Strain, who is an appellant in his own right, is further vested with all of the rights of the said Alice Gabriel, wife of Marcelian Strain, and should be made sole plaintiff and appellant herein.” The Court of Appeal refused to sign the accompanying order.
 

 On January 4, 1951, defendants filed a motion to dismiss the appeal taken by Alice Gabriel Strain on the ground that no parties, ascendants, descendants, or surviving spouse, or any other persons entitled under Article 2315, Revised Civil Code, having been made a party or parties thereto within one year from the date of death of Alice Gabriel Strain, October 30, 1945, the right of action as to her had perempted.
 

 After hearing, the motion was denied, and the case remanded for further proceedings, the judgment of the district court being “annulled, avoided and reversed.”
 

 The sole question presented for our consideration is whether the right of Marcelian Strain to prosecute the appeal of his deceased wife from the adverse judgment has perempted.
 

 Defendant has urged the following errors in the appellate judgment under review:
 

 (1) That the time limitation granted to designated classes of beneficiaries under the survival of action statute, Article- 2315 of the Revised Civil Code, as amended, being one year from the death of the injured person, applies as well to
 
 appeals from adverse
 
 judgments (i.e., where the cause of action has not been reduced to a property right by a favorable judgment in the district court) as to the
 
 institution
 
 of proceedings in courts of
 
 original
 
 jurisdiction; that where none of the statutory beneficiaries are made parties to the action within the time prescribed by the statute for survival of the action — one year- — the cause of action abates. They cite in support of this position Chivers v. Roger, 50 La.Ann. 57, 23 So. 100; Payne v. Georgetown Lumber Co., 117 La. 983, 42 So. 475; Thompson v. New Orleans Ry. & Light Co., 145 La. 805, 83 So. 19; Williams v. Campbell, La.App., 185 So. 683; Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796; Gallaher v. Ricketts, La.App., 187 So. 351; Miller v. American Mutual Liability Insurance Co., La.App., 42 So.2d 328. They stress the argument that since the right of Alice Gabriel Strain to recover under Article 2315 had not been merged into a judgment in her favor, it remained nothing more than a
 
 cause of action,
 
 even though a devolutive appeal had
 
 *226
 
 been taken, and as such, the peremptive period of one year applied thereto.
 

 (2) That if Marcelian Strain had no right to be made a party under Art. 2315, then he has no right at all, because a right of action for damages for personal injuries being strictly personal and noninheritable, unless provided otherwise by special statute, and the right of action for damages in this' particular case not having been merged into a judgment, it is not inheritable by the husband under any other article of the Civil Code. Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740; Hardtner v. Ætna Casualty & Surety Co., La.App., 189 So. 365; Payne v. Georgetown Lumber Co., supra.
 

 (3) That in any event the judgment of the district court should not have been annulled and reversed in connection with the remand, for the reason that under the jurisprudence the proceedings were valid up to the death of Alice Gabriel Strain. Cambon Bros. v. Suthon, 148 La. 669, 87 So. 512; Succession of Bonnette, 188 La. 297, 176 So. 397; Navarro v. Derbes, 211 La. 384, 30 So.2d 126.
 

 On the other hand, plaintiff contends that the one year limit allowed by Article 2315, within which the action survives to beneficiaries, calculated from, the death of the injured person, refers only to instances in which the death of the injured person is the outcome of the tort sued upon; that the limitation is not applicable to the substitution of parties in cases where the injured person dies of natural causes pending oral argument in an appellate court; but that, in any event, the one year period is prescriptive, not peremptive, and the mere institution of suit, within said time, tolls this prescription; that "there is a vast difference between a party instituting an action and a proceeding of merely making one a party to a case in which the action has already been taken”; and that, therefore, the law applicable to the appeal of Alice Gabriel Strain is Rule IV of the Court of Appeal, which provides:
 

 “Making Parties.
 

 “Whenever, pending an appeal, either party shall die, his proper representative may voluntarily come in and be admitted a party to the suit, and thereupon, the cause shall be heard and determined as in other cases. * * *”
 

 The arguments advanced by plaintiff, while ingenious, are nevertheless unavailing. Had the plaintiff Alice Gabriel Strain prevailed in the district court, and defendants appealed, there is no question that Marcelian Strain, might, under the general laws of inheritance, have succeeded to her property rights under such judgment, in the absence of other heirs with a higher right. However, she was cast in the district court, and having lost her suit, had no proprietary rights to transmit. The only right to which the husband succeeded was the statutory survival of action under Article 2315, which had to be exercised in accordance with the terms of the statute.
 

 
 *228
 
 As actions for damages for personal injuries are strictly personal and noninh-eritable under the general law, such relatives can take nothing as the legal heirs of the deceased. As far as the original judgment of the district court is concerned, that is a valid judgment. The 'Court of Appeal could remand this case to the district court for the sole purpose of having a party plaintiff' made herein,.
 
 if legally possible to do
 
 so,
 
 but for no other purpose.
 
 However, the right of action of Alice Gabriel Strain no longer existed after the judgment was rendered by the court of original jurisdiction in favor of defendant, dismissing her suit. Thereafter there was only a right of appeal.
 

 The Legislature passed Act No. 239 of 1946, LSA-R.S. 13:3349, relating to the abatement of actions. This statute was not urged or pleaded in either the court of original or appellate jurisdiction by either litigant. Nevertheless, we take notice of its existence. It is, however, our belief that Act No. 333 of 1948 amending and reenacting Article 2315 of the Revised Civil Code repeals the 1946 act by implication. Cessante ratione legis, cessat ipsa lex. (“Reason is the soul of the law, and when the reason of any particular law ceases, so does the law itself.”)
 

 The writ heretofore issued is made peremptory, the decree of the Court of Appeal for the Parish of Orleans annulling, avoiding and reversing the judgment appealed from is set aside and this suit, insofar as the action of Mrs. Alice Gabriel Strain is concerned, is dismissed at appellant’s costs.
 

 HAWTHORNE, J., concurs in the decree.