Mrs. Laura BOUNDS

v.

T. L. JAMES & COMPANY, Inc., and National Surety Corporation.

Civ. No. 4519.

United States District Court
W. D. Louisiana, Monroe Division.

Sept. 24, 1954.

564

Hynes & Mathews, Benton & Moseley, Baton Rouge, La., for plaintiff.

Huckabay, Seale, Kelton & Hayes, Breazeale, Sachse & Wilson, Baton Rouge, La., Theus, Grisham, Davis & Leigh, Monroe, La., for defendants.

DAWKINS, Jr., Chief Judge.

Presented here is a wrongful death action growing out of an automobile accident in which James R. Bounds, a bachelor, was killed on July 19th, 1952.

Within less than one year from the accident, on June 15th, 1953, his mother, Mrs. Laura Bounds, filed this suit against defendants for damages she allegedly suffered as the result of her son's death. About a month later, in "July, 1953", the exact date not being shown by the record, Mrs. Bounds died. At that time the suit was not at issue and is not even now, various preliminary mo-

tions having been filed by defendants, who have not yet been required to answer.

On August 18th, 1954, Miss Madge Bounds, appearing as Administratrix of Mrs. Laura Bounds' estate, having been appointed by a Chancery Court in Mississippi where her mother was domiciled, filed a motion to be substituted as party plaintiff under Rule 25(a) (1), Fed.Rules Civ.Proc., 28 U.S.C.A. Defendants oppose the motion, contending that the action abated when Mrs. Bounds died.

Under article 2315 of the Louisiana Statutes Annotated—Civil Code, her husband—the father of James R. Bounds—having died years earlier, Mrs. Laura Bounds was her son's first "survivor", or beneficiary, since he had never married. That article, as last amended by Act No. 333 of 1948 of the Louisiana Legislature, reads as follows, in pertinent part:

"Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; *the right of this action shall survive in case of death* in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, *for the space of one year from the death.* * * *

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be." (Emphasis supplied.)

Originally, and until July 28, 1954, article 21 of the Louisiana Code of Practice read:

"21. *Death of party after answer filed—Action not abated.*—Actions do not abate by the death of one of the parties after answer filed."

In applying and interpreting these articles against the background of Roman and French law, as well as the common law, from which Louisiana tort law has grown, the Louisiana Supreme Court has held [1] that an *action* to recover damages for tortious personal injuries sustained by a decedent, or for the wrongful death of the person injured, which has not been reduced to judgment, is a purely personal, nonheritable action which does not survive the death of the first beneficiary or beneficiaries ("survivors") named in article 2315, notwithstanding the provisions of article 21 of the Code of Practice. The reasoning was that a cause of action for personal injuries suffered by a decedent, or for his wrongful death, did not exist originally under civil or common law. It is purely a creature of statute. Being such, it is to be strictly interpreted, and to be held within the express limits set forth by the Legislature in the article.

In Chivers v. Roger, supra [50 La. Ann. 57, 23 So. 102] footnote 1, the Court said:

"* * * Each of the persons acquires 'the right of this action' in the order named, and, obviously, the acquisition by one of them of that right of action would have the legal effect of excluding those who follow him. * * * 'It took special legislation to bestow (the right of action) upon certain named beneficiaries, and that legislation cannot be liberally interpreted.' * * * the legislature carefully confined the transmission of the right of action

1. Chivers v. Roger, 50 La.Ann. 57, 23 So. 100; Kerner v. Trans-Mississippi Terminal Ry. Co., 158 La. 853, 104 So. 740; Castelluccio v. Cloverland Dairy Products Co., Inc., 165 La. 606, 115 So. 796.

See also Hebert v. U. S., D.C., 39 F.Supp. 267; McDonald v. Employers Mutual Casualty Co., D.C., 73 F.Supp. 198; Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365.

therefor to 'the survivors above mentioned'; that is to say, those who are mentioned in the Code. Rev. Civ.Code, art. 2315. The result of this investigation is that the right of action for damages for a personal injury, whether the injured person died from the effect thereof, or subsequently from some other cause, is just the same, * * *.

"* * * In solving this question we must keep in mind the underlying and cardinal distinction which exists between the Civil Code and Code of Practice; the former being the legislative embodiment of the civil law, and the latter being a codification of the rules of practice. * * * The Code provides that the right of this action for personal injuries survives the death of the person injured in favor of certain designated individuals, as beneficiaries in the order named; and, in default of one or more of them, by death or otherwise, the next one in order acquires that right of action in his or her favor. If, then, one of the beneficiaries first enumerated should institute a suit, and cause it to be put at issue, and thereafter die, and his beneficiary heirs should, on that account, inherit the pending action, the result would necessarily be to confer the benefit of the statute on persons not contemplated therein, and defeat the claim of the one who would otherwise have succeeded the deceased thereto. * * *" (Emphasis supplied.)

In 1946 the Louisiana Legislature enacted Act No. 239, which, as rewritten "so as to eliminate the repetition and redundancy in the original statute", was carried forward into the Revised Statutes of 1950, as R.S. 13:3349, reading:

"§ 3349. Actions do not abate by death of party after issue joined

"There are no exceptions to the rule that an action does not abate by the death of one of the parties thereto after issue joined therein. This Section shall apply to all actions now pending as well as those which may be hereafter instituted. No act of the legislature heretofore passed, nor any acts hereafter passed shall be construed as making an exception to this rule, unless such act specifically and specially makes an exception thereto." (Emphasis supplied.)

In a comment by Professor Henry G. McMahon, found in West's LSA–Revised Statutes, we are informed that. "* * * The purpose of Acts 1946, No. 239, §§ 1–5, was to work a legislative overruling of Chivers v. Roger * * *." Yet in 1952, the Louisiana Supreme Court, in Gabriel v. United Theatres, 221 La. 219, 59 So.2d 127, 129, had this to say of that Act:

"The Legislature passed Act No. 239 of 1946, LSA–R.S. 13:3349, relating to the abatement of actions. This statute was not urged or pleaded in either the court of original or appellate jurisdiction by either litigant. Nevertheless, we take notice of its existence. It is, however, our belief that Act No. 333 of 1948 amending and reenacting Article 2315 of the Revised Civil Code repeals the 1946 act by implication. Cessante ratione legis, cessat ipsa lex. ('Reason is the soul of the law, and when the reason of any particular law ceases, so does the law itself.')"

At its regular session of 1954, the Louisiana Legislature enacted Act No. 57, reading as follows:

"Section 1. Article 21 of the Code of Practice of the State of Louisiana is hereby amended and re-enacted so as to read as follows:

"Art. 21. No abatement on death of party

"An action does not abate on the death of one of the parties after suit has been filed, and the heirs, legatees, administrator, or executor

of the deceased party may be substituted as parties *in any case wherein they succeed, by operation of law, to the rights of the deceased party*.

"Section 2. All laws or parts of laws in conflict herewith are hereby repealed." (Emphasis supplied.)

By Act No. 59 of 1954, the Legislature amended and re-enacted LSA–R.S. 13:3349, so as to read:

"§ 3349. Actions do not abate by death of party after suit filed

"There are no exceptions to the rule that an action does not abate by the death of one of the parties thereto *after suit has been filed*. This section shall apply to all actions now pending as well as those which may be hereafter instituted. No act of the legislature heretofore passed, nor any acts hereafter passed shall be construed as making an exception to this rule, unless such act specifically and specially makes exception thereto." (Emphasis supplied.)

 Acts 57 and 59 of 1954 became effective on July 28th, 1954. As stated above, the motion to substitute Miss Madge Bounds, Administratrix, as plaintiff in this suit, was filed on August 18th, 1954. Admitting that the suit was not "at issue" when Mrs. Bounds died, her counsel insist that these Acts should be given retrospective effect so as to keep the original cause of action alive.

We do not agree at all.

 To begin with, the cause of action under article 2315—originally nonexistent under civil or common law —sought to be maintained first by Mrs. Bounds, now by her Administratrix, was created by the Legislature in derogation of common or civil right. Therefore, as the Louisiana courts repeatedly have said, it must be narrowly, strictly construed. Article 2315 has not been amended since its last re-enactment in 1948. Only Article 21 of the Code of Practice—a procedural, not substantive, set of rules—and LSA–R.S. 13:3349, also procedural in our judgment, were amended. By amendment of mere procedural statutes the Legislature cannot enlarge, reduce or modify vested substantive rights, nor can it create new ones.

 The cause of action for wrongful death, created by Article 2315, is substantive, purely personal, and accrues only to the beneficiaries named, in the order of their naming. If a first-named beneficiary fails to exercise the cause of action by filing suit within the one-year period allowed, or, having filed suit, fails to obtain judgment before dying, the cause of action abates. It is itself dead. It is not transmitted, either to the beneficiary or beneficiaries next in line, nor is it inherited by the heirs of the first. If the Legislature intends otherwise, we think it will be necessary expressly to amend article 2315 so as to achieve that result.

 Even if we are wrong in what we have just said, the original cause of action has abated because the motion to substitute the Administratrix as plaintiff was not filed within one year of the original plaintiff's death. It is to be noted that article 2315 provides that " * * * the right of this action shall survive in case of death * * * for the space of one year from the death. * * * " This is a period of peremption, not prescription, according to settled Louisiana jurisprudence. As stated in Miller v. American Mutual Liability Insurance Company, La.App. 1949, 42 So.2d 328, 330:

"Article 2294 of the Civil Code of 1825 contained only the first sentence of the present article 2315. Under that Article, no action lay for the wrongful death of another. The right of action for damages was personal, and if the party injured died, the action died with him whether he had filed suit or not. The action did not survive in favor of anyone. By Act No. 223 of 1855, the article was amended

by the addition of the second sentence, or as quoted supra, so that the right of action survived in favor of certain designated relatives of the decedent for a certain period of time. The jurisprudence under this article, as amended by the Act of 1855, is to the effect that the right of action survives whether or not a suit was filed by the injured party. As so amended, Article 2294 of the Civil Code of 1825 became Article 2315 of the 1870 Code. There have been other amendments to the Article under consideration but they are not material in deciding the issue presented.

"Although the attorneys for the litigants and the trial judge treat the plea as one of the prescription, it is our view that the limitation of one year fixed by the quoted Article is one of peremption rather than one of prescription. The difference between the nature and effect of these two pleas are succinctly stated in the footnote, 13 Tulane Law Review, page 39 as follows: 'A period of peremption admits of no interruption or suspensions. The performance of the required act must be accomplished within the specified time at the peril of the party whose duty it is to perform such act. A period of prescription differs in that it may be suspended or interrupted for various reasons. The institution of suit interrupts prescription. La.Act No. 39 of 1932, McCoy v. Arkansas Natural Gas Co., 1936, 184 La. 101, 165 So. 632. But it does not affect peremption. McElrath v. Dupuy, 1847, 2 La.Ann. 520; Hyde v. Bennett, 1847, 2 La.Ann. 799; Murff v. Ratcliff, 19 La.App. 109, 138 So. 908, supra, note, 93.'

"Again, in the case of Guillory v. Avoyelles Ry. Co., 104 La. 11, at page 15, 28 So. 899, at page 901, the Supreme Court of this State, stated: 'When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.'

"It is the contention of the plaintiffs that they are not prosecuting an action of their own but are merely continuing an action instituted by their mother which action survived unto them; that their substitution as parties plaintiff is not the bringing of a new suit; that 'a pending suit on an action is a continuous interruption of prescription against the action as long as the suit is pending' and 'that prescription cannot run against an action as long as a suit is thereon pending.'

"The plaintiffs in their argument lose sight of the fact that both at common law and at civil law a right of action for damages for personal injuries does not survive in case of death. It died with the death of the injured party, whether suit was filed or not. Such right of action only survives by statute. When such right is survived by statute, it is in derogation of common or civil right and the statute must always be strictly construed."

On November 13th, 1953, the same Court, in dealing with the same question, in Romero v. Sims, 68 So.2d 154, 155, had this to say:

"The present defendants in this case have filed in this cause a motion to dismiss the appeal on the part of the present plaintiffs because they substituted themselves as plaintiffs in this suit more than one year after the date of the death of their mother, Mattie Romero, and urge that their right and cause of action is perempted. They have

also filed an answer to the appeal, in which it is urged that the plaintiffs' right and cause of action had perempted because it was not asserted within one year from the date of the death of Mattie Romero; and, in the alternative, defendants ask that the judgment of the Lower Court be amended to show that the suit was dismissed because of peremption and abatement of the right and cause of action; and further in the alternative defendants urge that if we should conclude that the provisions of LSA–R.S. 13:3349 should prevail, the judgment of the Lower Court should be affirmed.

\* \* \* \* \* \*

"The question presented by the plea of peremption has been decided by the appellate courts of this State in numerous cases adverse to plaintiffs' contentions, the most recent case being Gabriel v. United Theatres, 221 La. 219, 59 So.2d 217. During the argument of the case, counsel for plaintiffs conceded that that case was against plaintiffs' position, but insisted that the Supreme Court committed error in deciding the case as it did, or that, if the case was decided rightly, it had no application to plaintiffs' case because of a different factual situation. We are unable to discern any difference, because in the Gabriel case the surviving husband, in the absence of descendants and ascendants, sought to be substituted and carry the suit on, and in the case at bar the substitution is by the children. Plaintiffs argue that the peremption provided for in the statute is not applicable to their case because their mother's suit was pending when she died, and that upon her death they succeeded to her rights, and, as long as the suit was pending, no peremption or

prescription would run. Plaintiff has fallen into error in failing to distinguish between a prescriptive and a peremptive limitation. It is the jurisprudence of this State that no suspension or interruption of peremption can take place because a statute of peremption destroys the right and cause of action. \* \* \* \*"

Since Mrs. Bounds died in "July, 1953", and this motion for substitution was filed more than one year later, on August 18th, 1954, the cause of action clearly has perempted. It no longer exists. It is lost; extinguished.[2]

■ Still another solid reason for denying the motion to substitute is that we do not believe Acts 57 and 59 of 1954 may be given retrospective effect, even if the Legislature intended the latter to modify article 2315 of the LSA–Civil Code, or to overrule prior jurisprudence.

Article 4, section 15, of the Louisiana Constitution provides:

"No *ex-post facto* law, nor any law impairing the obligation of contracts, shall be passed; *nor shall vested rights be divested,* unless for purposes of public utility, and for just and adequate compensation previously paid." (Emphasis supplied.)

When Mrs. Bounds died, her suit was not at issue, no answer having been filed. Under Louisiana law as it then stood—both as to jurisprudence and LSA–R.S. 13:3349—her cause of action clearly abated. Defendants thus acquired a "vested right", a substantive, or property right: to be free and clear forever of all claims for the allegedly wrongful death of James R. Bounds. The Legislature cannot take this right away from them. In so far as these Acts attempt to prescribe for retrospective operation—if they do so— they are unconstitutional.[3]

2. See also Succession of Pizzillo, 223 La. 328, 65 So.2d 783.

3. See also Article 8, Louisiana Statutes

Annotated—Civil Code: "A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts."

For the reasons given, the motion to substitute party plaintiff is denied, and the action is dismissed.

Proper decree should be presented.