McBRIDE, Judge.
This is an action which was brought by Aldea Maher for damages for personal injuries allegedly suffered by said plaintiff as a result of the negligence and want of care, skill, and diligence on the part of defendant, Dr. Joseph V. Schlosser, in administering X-ray treatments to plaintiff. The other defendant, New Amsterdam Casualty Company, is the liability insurer responsible for any malpractice, errors, or mistakes in the performance by Dr. Schlos-ser of his professional duties.
Aldea Maher died November 20, 1959, before issue was joined, her death taking place the day after this suit was filed. Subsequently defendants answered the suit.
Later, the four heirs and legatees of the deceased plaintiff (her nephews and a niece) filed a petition seeking to be substituted as parties plaintiff and praying for a judgment in their favor against the defendants in accordance with the prayer of the deceased plaintiff. They allege that Aldea Maher had never been married, had no children, adopted no one, and was not survived by her father or mother or any brothers or sisters. The court below permitted their substitution as parties-plaintiff, whereupon defendants filed exceptions of no cause or right of action which were sustained; the substituted plaintiffs have appealed.
Code of Practice art. 21, as amended by Acts 1954, No. 57, .reads:
“An action does not abate on death of one of the parties after suit has been filed, and the heirs, legatees, administrator, or executor of the deceased party may be substituted as parties in any case wherein they succeed, by operation of law, to the rights of the deceased party.”
LSA-R.S. 13:3349, as amended by Acts 1954, No. 59, provides:
“There are no exceptions to the rule that an action does not abate by the death of one of the parties thereto after suit has been filed. This section shall apply to all actions now pending as well as those which may be hereafter instituted. No act of the legislature heretofore passed, nor any acts hereafter passed shall be construed as making an exception to this rule, unless such act specifically and specially makes an exception thereto.”
Appellants take the position that the action commenced by Aldea Maher, in view of the above statutory provisions, could not have abated upon her death and that they, as substituted plaintiffs, are asserting and are legally entitled to assert their right as her legal heirs by continuing the action under the provisions of LSA-C.C. arts. 944 and 945, which in effect provide that the heir is considered as having succeeded to the deceased from the instant of his death, and that the second effect of this .right is that the heir is authorized to institute all the actions, even possessory ones, which the deceased had a right to institute, and to prosecute those already commenced.
The defendants have not contended that the action was abated by the death of plaintiff. All that they say is that the death of the original plaintiff, which occurred before she had obtained a judgment, did not convert the action, which was purely personal, into one which was heritable and that the substituted plaintiffs, as heirs of *708 the deceased plaintiff, have not the right to prosecute the action. Defendants maintain that upon the death of Aldea Maher, under LSA-C.C. art. 2315 (as amended by Acts 1948, No. 333), the right of action survived in favor of the certain designated persons in the order of succession as specified in said article, and there is no provision that a right of action survived in favor of nieces and nephews.
Counsel for appellants says that this action was not brought under LSA-C.C. art. 2315 but that it arose under LSA-C.C. art. 2316, which states that “every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.” It makes no difference under which one of the two said articles the suit was brought as they both provide for redress for wrongful injury and must be read together, LSA-C.C. art. 2316 merely enlarging the right given to the injured person by LSA-C.C. art. 2315. Bourgeois v. Indemnity Ins. Co. of North America, La.App., 60 So.2d 718, and Young v. McCullium, La.App., 74 So.2d 339.
The appellate courts of this state, including the Supreme Court, have had concern with the proposition raised by appellants, i. e., whether a right of action under LSA-C.C. art. 2315 is property and as such is heritable and descends to the heirs of the injured person or whether the action survives only in favor of those persons enumerated in said article.
Since Aldea Maher had obtained no judgment in her suit, no property right is involved in the case. Castelluccio v. Cloverland Dairy Products Co., Inc., 165 La. 606, 115 So. 796; Gabriel v. United Theatres, Inc., 221 La. 219, 59 So.2d 127; Covey v. Marquette Casualty Company, La.App. (on rehearing), 84 So.2d 217.
From the many cases which involve the question whether an action for personal injuries is transmitted upon his death to the plaintiff’s heirs or whether the action survives in favor of those persons enumerated in LSA-C.C. art. 2315, the following legal principles have become well established: (1) A right of action for damages for personal injuries is not heritable under the common law and was not under the civil law, and unless a statute declares that such right of action shall survive in case of the death of the person injured, it is abated at his death whether he dies as a result of the injury or from some other cause and whether he has or has not instituted a suit to recover the damages suffered. (2) That despite the provisions of C.P. art. 21, LSA-R.S. 13 :3349 (both before and after the 1954 amendments thereto), and LSA-C.C. arts. 944 and 945, a personal, nonheritable right of action or an action already commenced for damages in tort does abate with the death of the party who instituted it which constitutes an exception to the nonabatement statutes which has existed for many years. (3) Upon the death of the injured party a new right arises in favor of the survivors mentioned in LSA-C.C. art. 2315, and they alone and not the heirs of the decedent possess the right to continue with the prosecution of the action. McConnell v. Webb, 226 La. 385, 76 So.2d 405; Gabriel v. United Theatres, Inc., supra; Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740; Huberwald v. Orleans R. Co., 50 La.Ann. 477, 23 So. 474; drivers v. Roger, 50 La.Ann. 57, 23 So. 100; Walton v. Booth, 34 La.Ann. 913; Hubgh v. New Orleans & Carrollton Railroad Company, 6 La.Ann. 495, 54 Am.Dec. 565; Lally v. Taylor, La.App., 117 So.2d 602; Mahfouz v. United Brotherhood of Carpenters & Joiners of America-Local Union Number 403, La.App., 117 So.2d 295; Ramsey v. McDaniel, La.App., 84 So.2d 276; Covey v. Marquette Casualty Company (on rehearing, supra); Young v. McCullium, supra.
We can find no case decided by an appellate court in which LSA-R.S. 13:3349, C.P. art. 21, LSA-C.C. 944 or 945 was applied with reference to an action for per *709 sonal injuries. In the face of the well-established jurisprudence mentioned above, we cannot but follow it, and our holding must be that where the claim arises under LSA-C.C. art. 2315, at the death of the claimant his survivors mentioned in that article and not his heirs as such have the right to continue the action.
Whereas the offense giving rise to the present action and also the institution of the suit having occurred prior to the amendment of LSA-C.C. art. 2315 by Acts 1960, No. 30, said amendment has no application, nor are the provisions of Art. 428 of the LSA-Code of Civil Procedure applicable as these only became effective January 1, 1961. The provisions of LSA-C.C. art. 2315, as amended, and LSA-C.C.P. art. 428 constitute substantive law, and, of course, they cannot be accorded a retrospective or retroactive effect.
LSA-C.C.P. art. 428 provides:
“An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.”
LSA-C.C. art. 2315 now reads:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
“The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
“The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
“As used in this article, the words ‘child’, ‘brother’, ‘sister’, ‘father’, and ‘mother’ include a child, brother, sister, father, and mother, by adoption, respectively.”
The explanatory note by Mr. Henry G. McMahon under the latter article states:
“This article was amended on the recommendation of the Louisiana State Law Institute primarily to broaden the right to recover damages for wrongful death, and to solve the problems which otherwise would be presented by the doctrine of abatement of actions. As amended, it implements Art. 428, LSA-Code of Civil Procedure. The amendment makes a number of changes in the law. First, it makes a right of action, or an action, to recover property damage heritable. Second, it broadens the primary class of survivors so as to include major children. Third, if a survivor who has the right to recover damages for the physical injury or wrongful death of a deceased person should die, after instituting suit but before judgment, the instituted action is inherited by the survivor’s heirs, who may be substituted as parties plaintiff. *710 In this respect, the amendment overrules legislatively Chivers v. Roger, 1898, 50 La.Ann. 57, 23 So. 100, and the cases based thereon. Fourth, if the survivor should die before instituting suit to recover damages for the physical injury or wrongful death of a deceased person, the right to sue is inherited by the survivor’s heirs. In this respect, the amendment overrules legislatively Kerner v. Trans-Mississippi Terminal R. Co., 1925, 158 La. 853, 104 So. 740, and the cases which have followed it. Fifth, the amendment places relatives by adoption on the same basis as blood relatives. * * * ”
Thus the Law Institute in recommending and the Legislature in adopting LSA-C.C.P. art. 428 and by amending LSA-C.C. art. 2315 recognized that under the jurisprudence and the then existing statute law that a right of action or an action under LSA-C.C. art. 2315 was not heritable and could only be pursued after the death of an injured person by the survivors of such ■person as enumerated in said article.
Appellants also argue that the direct action statute (LSA-R.S. 22:655) which expresses the public policy of this state that an insurance policy against liability is not issued primarily for the protection of the insured but for the protection of the public, grants the heirs of the deceased plaintiff the right to continue her action against the insurer irrespective of their right vel non to proceed against Dr. Schlos-ser. The direct action statute reads in part :
“It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; * * (Italics ours.)
It is abundantly clear that the heirs of Aldea Maher would have no right of action against the insurance company under the terms of the policy as the action commenced by said decedent does not constitute property and is nonheritable. All that the quoted portion of the statute imports is that liability policies within their terms and limits are executed for the benefit of all injured persons, their survivors or heirs, meaning whichever class of persons is accorded the right by law to recover. It does not invest the heirs with a right of action where they had none.
Therefore, the judgment appealed from is affirmed.
Affirmed.