HALL, Judge pro tem.
On December 8, 1960 Edward R. Blanke, father of the minor Rhett Blanke, filed suit under the provisions of LSA-C.C. art. 2315 against Frank M. Chisesi, father of the minor, Frank M. Chisesi, Jr., alleging that on December 8, 1959 petitioner’s said son was killed by young Chisesi near Violet, Louisiana.
This suit was filed in the name of Edward R. Blanke alone and prayed for dam *46 ages only for the said Edward R. Blanke. His wife, mother of the deceased minor, was not a party to the suit.
On December 25, 1960, the petitioner, Edward R. Blanke died.
On January 23, 1961 a supplemental and amended petition was filed by the petitioner’s widow, Mrs. Marie Luisita Espinadle Blanke, asking that she be substituted as party plaintiff in the proceedings, individually, as a surviving widow, and additionally in her capacity as natural tutrix of the two other minor children of her marriage to Blanke, Edward Raymond Blanke, Jr., and Susan Mary Blanke.
To this supplemental petition the defendant, Frank M. Chisesi, filed exceptions of prescription, preemption and no right and no cause of action, all of which were predicated on the legal theory that the original cause of action had abated.
The District Judge, after hearing, rendered judgment maintaining the exceptions of no right and no cause of action and dismissed the suit of the substituted plaintiffs. The substituted plaintiffs have appealed from that judgment.
Appellants seem to concede that following the decision of the Supreme Court in Chivers v. Roger, 50 La.Ann. 57, 23 So. 100 and up until the passage of Act 59 of 1954 amending LSA-R.S. 13:3349 the jurisprudence was well settled that if the survivor designated by Revised Civil Code Article 2315 (LSA-C.C. Art. 2315) filed suit to recover damages for personal injuries to a deceased and died before judgment in his favor the right of action perished with him. They further concede that the attempt by the legislature to overrule the doctrine of Chivers v. Roger and its progeny by the passage of Act 239 of 1946 (LSA-R.S. 13:-3349) was not given that effect by the Supreme Court. See Gabriel v. United Theatres, 221 La. 219, 59 So.2d 127. See also McConnell v. Webb, 226 La. 385, 76 So.2d 405.
However appellants contend that the legislature by the passage of Act 59 of 1954 amending LSA-R.S. 13:3349 and by amending Article 21 of the Louisiana Code of Practice by Act 57 of 1954 did succeed in legislatively overruling the prior jurisprudence, and contend that since 1954 if a survivor entitled under Article 2315 of the Revised Code (LSA-C.C. Art. 2315) to sue for damages for personal injuries to a deceased should die after filing suit the right of action does not abate but is inherited by his heirs.
Appellants’ contention is unfounded in our opinion. We see no difference between Act 239 of 1946 (LSA-R.S. 13:3349) and Act 59 of 1954 which would affect the situation presented here.
The former act provides: “There are no exceptions to the rule that an action does not abate by the death of one of the parties thereto after issue joined therein”. The latter act amended this to read: “There are no exceptions to the rule that an action does not abate by the death of one of the parties thereto after suit has been filed”. (Emphasis added).
Article 21 of the Code of Practice before the amendment of 1954 read “Actions do not abate by the death of one of the parties after answer filed”. The amendment changes this to read: “An action does not abate on the death of one of the parties after suit has been filed, and the heirs * * * may be substituted as parties in any case wherein they succeed by operation of law to the rights of the deceased party”. (Emphasis added).
If Act 239 of 1946 (LSA-R.S. 13:3349) did not have the effect of overruling the jurisprudence prior thereto (See Gabriel v. United Theatres supra and McConnell v. Webb supra) the 1954 amendments do not.
The question presented in this case is whether a survivor’s right of action is transmitted on his death to his heirs or to another survivor. Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 *47 So. 740 answers the question in the negative :
“ * * * the right of action is not transmissible from one survivor to another survivor of the injured person, either by the general law of inheritance, or by virtue of the statute on the subj ect.”
Appellants cite the following cases as sustaining their contentions: Covey v. Marquette Casualty Company, La.App., 84 So.2d 217; Ramsey v. McDaniel, La.App., 84 So.2d 276; Mahfouz v. United Brotherhood of Carpenters, etc., La.App., 117 So.2d 295; Dumas v. United States Fidelity and Guaranty Company, La.App., 125 So.2d 12. (See 241 La. 1096, 134 So.2d 45)
None of those cases is in point here because in each one of them the person injured by the tortious act of another filed the suit and died before judgment. Under such circumstances the various courts held that under Article 2315 the survivors therein listed (but not his heirs) may by substituting themselves continue with the suit of the injured plaintiff provided they do so ■within one year of the death of such injured party.
In the instant case we are presented with an entirely different legal situation involving as it does the right of a survivor of an injured party to inherit from another survivor.
Appellants also cite a decision by Judge Dawkins reported in D.C., 124 F.Supp. 563, Bounds v. T. L. James & Co. That case is contrary to appellants’ contentions.
Under Article 2315 the action for young Blanke’s death survived in favor of his “surviving father and mother or either of them” for the space of a year dating from his death. Within that year Mrs. Blanke could have asserted her right of action either jointly with her husband or in a separate suit. She did not do so and her right of action preempted. Guillory, v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899; Gabriel v. United Theatres Inc. supra.
We note that LSA-C.C. Art. 2315 was amended by Act 30 of 1960 for the purpose of accomplishing just what appellants contend for here. But that act by its terms did not become effective until January 1, 1961. Being substantive law it cannot be accorded a retrospective or retroactive effect. The law applicable here is the Article as it existed on December 25, 1960, the date of Mr. Blanke’s death.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.