SARTAIN, Judge.
This litigation concerns the survival of the right to a delictual action under C.C. Art. 2315. Plaintiff appeals from a judgment sustaining defendant’s peremptory exception of no right of action. We affirm.
Mrs. Birdie Artigue Pedigo was injured on November 14, 1975, through the alleged negligence of the defendant. She died on April 1,1976, of unrelated causes. She was survived by neither ascendants nor descendants. Her husband, John Lloyd Pedigo, died on August 19, 1976.
This suit was filed on November 9, 1976, by Leon S. Haas, Jr., as the duly qualified administrator of the Estate of Mrs. Birdie Artigue Pedigo and as the testamentary executor of the Estate of John Lloyd Pedi-go.
Defendant also filed an exception of lack of procedural capacity. The trial judge, in sustaining the exception of no right of action, found the procedural capacity question to be moot.
Plaintiff (Haas) alone has appealed. Defendant did not appeal nor answer the appeal. The procedural capacity question is therefore not before us. C.C.P. Art. 2133.
C.C. Art. 2315, in pertinent part, provides:
“The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child, surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the surviv- or or not.”
Plaintiff argues that this is not a case of who is the proper beneficiary to institute this action upon the death of the injured party (Mrs. Pedigo) but rather who is the proper party to bring this suit upon the death of the first named beneficiary (Mr. Pedigo). He submits that for many years the leading case on the subject was Chivers v. Roger, 50 La.Ann. 57, 23 So. 100 (1898), which held that an action by the father for the wrongful death of his son abated upon the death of the father. He contends that to overcome the result in Chivers, Article 2315 was amended to provide that the right to recover damages is a property right, which, on the death of the survivor in whose favor this right of action survived, is inherited by his legal, instituted, or irregular heirs.
While the above statement is, on its face, correct, it is of little comfort to plaintiff because it is premised on the condition that the right may be asserted by the succession representative of the beneficiary’s estate. We hold, as did the trial judge, that it cannot.
Throughout our jurisprudence C.C. Art. 2315 (and its forerunner, Art. 2294, C.C. 1825) has been strictly construed. In each case where the issue has been raised courts have consistently held that the right, while transmitted to the beneficiary under the article, can only be asserted by the designated beneficiary and not the injured party’s succession representative.
In Moore v. Kinney, 315 So.2d 340, 341, 342 (La.App. 3rd Cir. 1975), the court stated:
“Survival actions are not rights which are transmitted from a tort victim to his heirs through inheritance. Rather than passing through the victim’s succession, the rights are granted by art. 2315. LSA-C.C. art. 2315, is a special statute which grants a ‘right of action’ to specified survivors or beneficiaries in the or *607 der of exclusionary preference, and absent these specified survivors, this right of action is not transmitted to other persons. Succession representatives are not listed as survivors under art. 2315, and therefore have no right to prosecute the claim. J. Wilton Jones Company v. Liberty Mutual Insurance Company, 248 So.2d 878 (La.App. 4 Cir. 1970), writ denied, 259 La. 61, 249 So.2d 202 (1971); Collins v. Becnel, 297 So.2d 506 (La.App. 4 Cir. 1974). See also: Wakefield v. Government Employees Insurance Co., 253 So.2d 667 (La.App. 4 Cir. 1971).”
In Whittington v. Hopfensitz, 321 So.2d 836 (1975), a panel of this court reviewed in detail numerous eases involving survival actions, vis a vis, rights asserted in a representative capacity. For reasons therein stated we again concluded that survival rights inure to and can only be maintained by one or more of the survivors named in the article.
We see no sound or rational basis to the argument that whereas plaintiff could not sue in his representative capacity as the administrator of the Estate of Mrs. Pedigo, he may now sue in his representative capacity as the executor of the Estate of Mr. Pedigo.
Mr. Pedigo as the surviving spouse of Mrs. Pedigo, was a beneficiary to the survival right as defined in the article (2315). Upon his death the exclusive beneficiaries to this right are his “legal, instituted, or irregular heirs” and no others. The right has consistently passed from class to class or as stated in Moore v. Kinney, above, “to specified survivors as beneficiaries in the order of exclusionary preference.”
For these reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.
ELLIS, J., dissents with reasons.